THE REPUBLIC RECIPROCAL INSURANCE ASSOCIATION V. COLGIN HOSPITAL & CLINIC.

No. 6181. Decided November 28, 1933.
(65 S. W., 2d Series, 286.)

*Bryan & Maxwell* and *Stansell Bryan,* all of Waco, for appellants.

Plaintiff, Colgin Hospital and Clinic, to recover for medical service must plead and prove that the person or persons rendering the medical attention has registered in the district clerk's office of the county in which he resides lawful authority to so practice medicine, together with affidavit stating his age, post office address, place of birth, school of practice to which he belonged and that he is the identical person to whom the license offered for registration was issued and that the same has not been cancelled. Swift & Kelly (Civ. App.), 133 S. W., 901; Wooley v. Bell (Civ. App.), 76 S. W., 797; Taber v. Interstate Bldg. & Loan Assn., 91 Texas, 92, 40 S. W., 954; R. S., 1925, Art. 4498.

A private corporation can not legally practice medicine in this State, nor charge fees therefor. In re Co-operative Law Co., 198 N. Y., 479, 92 N. E., 15; State v. Merchants Protective, 105 Wash., 12, 177 Pac., 694; State v. Bailey Dental College, 211 Iowa, 781, 234 N. W., 260; Corpus Juris, Vol. 14A, 296.

*Joseph W. Hale* and *George Clark*, both of Waco, for appellee.

The hospital corporation had the implied power to employ such necessary services of nurses and competent physicians and surgeons as is necessary and appropriate to the care of invalids and treatment of diseases. Hollis Cotton Oil Mill v. Marrs & Lake (Civ. App.), 207 S. W., 367; Petroleum Company v. Townsite Co., 107 S. W., 609; Walters v. Bldg. & Loan Assn. (Civ. App.), 29 S. W., 51; Stephens County v. McCammon, 122 Texas, 148, 40 S. W. (2d) 67.

The Insurance Association having failed to plead and prove that the members of the medical staff of the hospital had not complied with the statutes, by registering their licenses with the district clerk, etc., and having presented the same for the first time upon motion for new trial, the objection came too late and was waived. Texas Employers Ins. Assn. v. Drummond, 267 S. W., 335, 279 S. W., 1116.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals for the Tenth District has submitted the following certificate containing certified questions:

"Appellee is a domestic corporation, chartered for the maintenance of a sanatorium under the provisions of Article 1302, subdivision 6, of the Revised Statutes. It instituted this suit against appellee to recover $107.50 hospitalization fees and

$156.00 doctors and surgeons fees for professional attention. It alleged that appellant, The Republic Reciprocal Insurance Association, a corporation, brought to its hospital one J. T. King and agreed to pay it all of the necessary hospital and medical bills.

"Appellant filed a general demurrer to the petition, which was overruled by the trial court. The transcript embracing the pleadings of the parties will accompany this certificate for a more detailed statement thereof.

"At a former day this court reversed and remanded the judgment of the trial court because appellee failed to allege or prove that the doctors and surgeons who rendered the services were licensed, registered physicians. Appellant, in the trial court as well as in this court, contends that in no event can appellee, a corporation, recover its charges for professional medical and surgical attention rendered a patient, its theory being that a corporation cannot practice medicine, and cannot therefore collect its charges for any professional medical or surgical attention it does render a patient. In our original opinion we did not pass on this question. By reason of the importance of the issues raised in appellee's motion for rehearing, this court deems it proper to and does, under the above facts, submit to the Supreme Court for its determination the following questions:

### FIRST QUESTION

"Can a corporation organzied for sanatorium purposes under the provisions of Article 1302, subdivision 6 of the Revised Statutes, maintain a suit for the collection of its charges for professional medical and surgical attention rendered a patient confined in its hospital, where the patient, prior to receiving same, had agreed to pay therefor?

### SECOND QUESTION

"If the first question is answered in the affirmative, then:

"Is it necessary, before a corporation can collect for said services, to allege and prove that the physicians and surgeons who rendered the professional services were registered and licensed physicians as required by Article 4498 of the Revised Statutes of Texas?"

In ordinary acceptation, a sanitarium is an institution for the medical treatment of sick persons, as well as for ministering to related needs of the patients. This treatment reasonably embraces, within its purview, the services of natural per-

sons who practice medicine. The statutes expressly authorize corporations for the "erection and maintenance of sanitariums." R. S., Art. 1302, Sec. 6. The authority in such a corporation to provide medical treatment to the patients, and to employ, for that purpose, those persons who are duly licensed to practice medicine, is reasonably implied. It is quite true, that by Article 742 of the Penal Code, it is made a crime for any person to practice medicine without complying with the requirements prescribed in Article 4498 of the Revised Civil Statutes, (the latter article being worded the same as Article 739 of the Penal Code); but when those requirements are met there is nothing in the statutes which implies a prohibition against such person engaging his services to another. The prescribed requirements have regard to his authority to practice medicine upon human beings, and not to the character of his employer. In the present case, the Colgin Hospital & Clinic was invested with implied authority, in performing its corporate functions in respect to supplying medical treatment to its patients, to employ those persons who qualify, in accordance with the provisions of Article 4498, to practice medicine. The first certified question should be answered in the affirmative.

■ The other certified question goes to a procedural matter. The question of authority in the corporation is but incidentally involved. As already intimated, it would be unlawful, in view of Article 4498 of the civil statutes and Article 739 of the Penal Code, for the corporation to employ, as an instrumentality for supplying its patients with medical treatment involving the practice of medicine, any person who does not meet the requirements of those articles. It is not to be presumed, however, in the absence of pleading and proof to the contrary, that any person, employed by the corporation as an instrumentality in supplying such treatment, violated the law by practicing medicine without complying with the requirements of said articles, or that the corporation committed an unlawful act in that respect. The violation of law, in such respect, is a defense against a recovery by the corporation of compensation for the services supplied to its patients by the illegal means employed. This defense must be affirmatively pleaded and proved in order to be of avail. The second certified question should be answered in the negative.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified.

C. M. CURETON, Chief Justice.