**NEWTON LUMBER COMPANY, Appellant,**

**v.**

**NEWTON COUNTY WATER SUPPLY DISTRICT, Appellee.**

No. 16071.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 16, 1959.

Rehearing Denied Nov. 13, 1959.

B. F. Whitworth and Grady O. Trimble, Jr., Jasper, for appellant.

A. E. Rogers, Newton, and E. G. Aycock, Fort Worth, for appellee.

BOYD, Justice.

Appellee Newton County Water Supply District recovered judgment against appellant Newton Lumber Company for taxes, penalty and interest for the years 1956 and 1957, and for foreclosure of a first, paramount and superior tax lien against certain lots and parcels of land.

By its first group of points appellant contends that the descriptions of the lots and parcels of land as set out in the judgment of the court are inadequate and insufficient to identify any land upon which the foreclosure was purportedly ordered. Appellee concedes the correctness of this contention and admits that the foreclosure judgment should be reversed.

By its other group of points appellant says that the legislative act creating appellee Water District is unconstitutional in that it discriminates against lands and the owners of lands in favor of personal prop erty and the owners of personal property;

and that the legislative act deprives appellant of the right to a determination, either by the Legislature or the directors of the Water District, that the lands of appellant would be benefited by inclusion in the District.

Section 3 of Article 8280–174, which created appellee Water District, reads as follows:

"The district shall have and exercise, and is hereby vested with, all of the rights, powers, privileges, authority and duties conferred and imposed by the General Laws of this State now in force or hereafter enacted, applicable to water control and improvement districts created under authority of Section 59, Article XVI, of the Constitution, but to the extent that the provisions of any such General Laws may be in conflict or inconsistent with the provisions of this Act, the provisions of this Act shall prevail. All such General Laws are hereby adopted and incorporated by reference with the same effect as if incorporated in full in this Act. It shall not be necessary for the Board of Directors to call a confirmation election or to hold a hearing on the exclusion of lands or a hearing on the adoption of a plan of taxation, but the ad valorem plan of taxation shall be used by the district."

 We cannot agree with appellant that the act creating the appellee Water District is unconstitutional. A legislative act is presumed to be valid and doubts will be resolved in favor of its constitutionality, and a construction will be given it, if reasonable, that will uphold it. Duncan v. Gabler, 147 Tex. 229, 215 S.W.2d 155. The act was challenged on the same grounds here presented in Southern Pine Lumber Co. v. Newton County Water Supply District, Tex.Civ.App., 325 S.W.2d 724; and in an exhaustive opinion by Justice McNeill the court sustained the constitutionality of the act. We agree with that Court's determination of the questions, and feel that it is unnecessary to review the authorities which are discussed in that opinion.

That part of the judgment which decreed a foreclosure of tax liens is reversed and judgment here rendered that appellee take nothing by its prayer for foreclosure; in all other respects the judgment is affirmed.