Armon MABRY, Appellant,

v.

Lorraine B. PRIESTER, Appellee.

No. 13340.

Court of Civil Appeals of Texas.

Houston.

March 17, 1960.

Rehearing Denied April 7, 1960.

Ray Stevens, Houston, for appellant.

Vinson, Elkins, Weems & Searls, and M. C. Chiles, Houston, of counsel, for appellee.

BELL, Chief Justice.

This suit originated in a petition filed by appellee, seeking to cancel a mechanic's lien filed in the Mechanic's Lien Records of Harris County filed by appellant, and seeking to remove such as a cloud on title. The theory of the suit was that while appellant may have been employed by oral contract to draw plans and specifications for a building to be used for a supper club or restaurant, he did not perform his agreement because he never completed plans and specifications that could be used in constructing a building, but they were so incomplete that no contractor could take them and make a bid without in many ways qualifying the bid or estimate so as to cover the deficiencies in the plans and specifications, and even with this there would be different ways to meet these deficiencies so that the contractors would not be bidding on the same thing. Too, the agreement was, so appellee alleged, that the plans and specifications must be for a building that could be built for from $60,000 to $70,000, certainly for not more than $70,000, and, because of the incompleteness of the plans and specifications, only two contractors made a bid or estimate, one being for some $171,000 and one for some $175,000, and even then the estimates were qualified to care for phases of construction not covered by the plans and specifications, one bidder having made 19 qualifications.

The appellant answered asserting compliance with the agreement and filed a cross-action to recover a 5% fee on the cost of building the building. He claimed a fee of $12,500, but gave credit of $1,500, so his cross-action was for recovery of an architect's fee of $11,000, and foreclosure of his lien on certain described land belonging to appellee. He contended his plans and specifications were complete and that while it was originally planned by appellee to build a place costing $60,000 to $70,000, the plan was changed so that a larger and more elaborate place was to be built and the limitation of cost was removed.

The alleged agreement was made in 1954 and the work on the plans and specifications from November, 1954 through August, 1955.

Trial was before a jury in 1958. At the conclusion of all testimony and after both sides had rested, appellee filed a motion for instructed verdict, which was granted by the court, and judgment was rendered

that appellant take nothing and that appellee recover judgment cancelling the lien and removing it as a cloud on title.

We should note that appellee also asked that she recover the $1,500 she had paid appellant, but she expressly and in open court agreed in connection with the proceeding on the motion for instructed verdict that the court should find against her on this claim.

The grounds of the motion for instructed verdict, without detailing them, were that there was no pleading or evidence that appellant was at the time of his agreement, or when he performed such work as he did perform, a duly licensed architect in good standing; that recovery could not be had on quantum meruit because the evidence showed an express contract; and that the undisputed evidence showed the plans and specifications that were prepared were so substantially incomplete that they could not be used to build the building contemplated, and certainly not for $70,000.

After this motion was made, and prior to action on it by the court, appellant asked leave of the court to file a trial amendment alleging he was a duly licensed architect and was at all times mentioned (meaning apparently at all times mentioned in his pleadings) in good standing. Appellee asserted surprise and that since the records were kept in Austin she would have to be given time to investigate and delay would be caused. The court refused leave to file.. Appellant did not ask to be allowed to withdraw his announcement of ready, nor did he ask to be allowed to reopen the case so he could make proof.

The appellant, as grounds for reversal, contends that the trial court erred in not allowing the trial amendment to be filed; that the burden was on appellee under Rule 94, Texas Rules of Civil Procedure, to plead that appellant was not a duly licensed architect in good standing, such being an affirmative defense; that the issue was tried by consent and the evidence showed appellant was a duly licensed architect in

good standing; that the judgment on the cross-action was contrary to the law and evidence; and the court erred in cancelling the lien because a fact issue as to its validity was raised.

The question first presented is whether it is incumbent upon a person seeking to recover an architect's fee to allege and prove that he, at the time the employment agreement was entered into and while the work was being performed, was a duly registered architect in good standing. We have concluded that it is.

All cases decided in Texas involving an architect suing for a fee have held that recovery may not be had unless the architect has registered, because it is unlawful for him to practice without registering, as provided by Article 249a, Vernon's Ann.Texas St. It is probably more accurate to say the cases at least by dictum have so stated, or all parties assumed this to be true, and the cases actually turned on a matter of waiver of pleading or proof by failure to raise the issue in the trial court. See the following cases: Guffey v. Collier, Tex.Civ.App., 203 S.W.2d 812, no writ hist.; Shotwell v. Phillips, Tex.Civ. App., 180 S.W.2d 223, writ dism. In the case of Clark v. Eads, Tex.Civ.App., 165 S.W.2d 1019, ref., w. m., the court, among other things, held the architect who had not complied with Article 249a could not recover his fee. The statutes regulating the practice of architecture are for the purpose of protecting the public, just as are statutes regulating engineers and dealers in securities. In those cases it is also held that the contract of a person not complying with its provision by qualifying is not enforceable. M. M. M., Inc. v. Mitchell, 153 Tex. 227, 265 S.W.2d 584; Kadane v. Clark, 135 Tex. 496, 143 S.W. 2d 197; Gray v. Blau, Tex.Civ.App., 223 S.W.2d 53, n. r. e.

As to whether appellant must have alleged and proved his compliance or whether it is an affirmative defense, there is only one case involving an architect in which

the matter has been specifically passed on. The case of Clark v. Eads, supra, held, among other things, that it was not an affirmative defense that must be pled by the defendant under Rule 94, but it must be alleged and proven by the architect seeking to recover his fee. Again, the cases first above cited seem to say this is true, but under the facts of those cases the courts held there was a waiver by failure to raise the issue in the trial court.

■ In this case there was no waiver under Rule 90, because the matter was specifically called to the attention of the trial court in a motion for instructed verdict.

Appellant, however, urges that it was error for the trial court not to have allowed him to file the trial amendment offered as above stated.

■ Rule 66, T.R.C.P., provides for trial amendments and enjoins liberality in allowing them. However, this does not mean the trial court does not have some discretion in the matter. The exercise of his discretion is reviewable, and if there is, under the circumstances of the particular case, an abuse of discretion that results in harm, reversal will follow. Each case must be determined in the light of all of the facts.

■ The facts of this case in this connection are that the case had been completely tried insofar as evidence was concerned and both sides had rested. As shown by the statement of facts, four days had been consumed in trial. If the trial amendment had been allowed, the appellee would have had to investigate this matter and the records were in Austin. To give appellee this opportunity to investigate, which she was entitled to, would cause substantial delay. As to whether appellant had qualified as an architect and annually renewed such license so as to be able to practice, an adversary would surely want to investigate after hearing appellant's testimony, because his testimony shows he was a person of varied activities and most of his activities were not in the field of architecture. He was engaged in electronic and geophysics research primarily during and about the times material to this case.

Additionally, there was no error in the court's action in this particular case because even if the trial amendment had been allowed, there was no request that the case be reopened to allow testimony to establish the allegations, he apparently thinking proof had been made. We will discuss in this connection the further contention of appellant that this issue was tried by consent because evidence was introduced without objection.

■ Appellant contends there was evidence in the record establishing appellant's right to practice as an architect. He relies upon the fact that appellee's Exhibit No. 1, which was the bid from a contractor, was addressed to appellant as an architect, and, too, on Plaintiff's Exhibit No. 8, which was a set of blueprints, there was the imprint of a seal bearing the inscription "Armon Mabry, Registered Architect, State of Texas, No. 417." Too, appellant points out that he testified that he was a registered architect.

We are of the view that this is not sufficient to show that appellant was a registered architect in good standing at the time he entered into the agreement with appellee and when he did the work he bases his claim on. The most that can be said, even if that is inferable, is that at some time appellant was a registered architect and had a seal he was using. There is nothing to show when he became a licensed architect. Too, the bid addressed to appellant by a contractor at the most indicates only that appellant was representing himself to be an architect. The testimony by appellant at the trial in March, 1958, over three years past the date of his contract and over two years past the time of his alleged performance, does not tend to establish his status on these material dates. He

688

was speaking in his testimony as of the date of the trial. Further, there is nothing showing that if he had once qualified he had renewed his license for the material years. Article 249a provides that upon qualification the license to practice shall be for but one year and that if a licensed architect desires to continue to practice he shall renew his license annually by the payment of a requisite fee. If he had not renewed his license for the material years, he could not recover his fee. This was held by our Supreme Court in the case of an engineer who had registered under Article 3271a, V.A.T.S., but who for the material year had not paid his annual dues or fee. Article 249a governing architects is different in no material respect in this regard from Article 3271a governing engineers and the reasoning employed in the case of M. M. M., Inc. v. Mitchell, supra, is applicable here.

 Finally, with respect to the license, appellant says that a person doing planning and designing work is exempted from obtaining a license under Article 249a, unless he holds himself out as an architect and there is nothing here, particularly in the pleadings showing appellant held himself out as an architect.

It is true that there is this exemption. However appellant plead his mechanic's lien which he was seeking to foreclose and incorporated it in his pleading. It reflects that he claims his fee and the lien because of work done as an architect. Too, the evidence shows he was holding himself out as an architect. Clark v. Eads, supra.

Appellant finally asserts by a Point of Error that the trial court erred in cancelling the lien because there was a fact question as to the basis for and validity of the lien.

The Point is not briefed. We have, however, studied the statement of facts very thoroughly. Without going into the facts, it is sufficient to say that while, as appellee urges, the evidence might be insufficient to support a finding that the plans and specifications were so substantially complete as to amount to performance, there is, we think, evidence from which a jury might conclude there was substantial performance. The test to be applied when determining whether an instructed verdict was correctly given is whether there was some evidence from which reasonable minds might conclude the ultimate issue was established. Here the ultimate issue was whether the plans and specifications were substantially complete. There was a dispute in the evidence and such explanation of alleged deficiencies, and expressions of professional opinion with regard to this, that we think a fact issue was raised.

However, because of the failure of the record to show appellant was a licensed architect in good standing, the trial court correctly instructed a verdict.

The judgment of the trial court is affirmed.