Harry M. FARHA, Appellant,

v.

Eugene M. ELAM, Appellee.

No. 16583.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 4, 1964.

Rehearing Denied Jan. 15, 1965.

Kramer & Kramer, and Kenneth B. Kramer, Wichita Falls, for appellant.

Schenk & Wesbrooks, and Perry Wesbrooks, Wichita Falls, for appellee.

RENFRO, Justice.

Appellant herein, Harry M. Farha, alleged he formed a partnership with appellee, Eugene M. Elam, effective September 1, 1959, with main office in Wichita Falls, residence of appellee, and a branch office in El Paso, residence of appellant; that the partnership terminated at the Wichita Falls office on March 31, 1960, and at the El Paso office on May 10, 1960.

On February 1, 1962, appellant filed suit for partnership accounting.

Appellee pleaded that architectural partnership between himself and appellant was illegal, void and unenforceable under Article 249a, Vernon's Ann.Tex.Civ.St.

The court entered summary judgment for appellee.

Appeal is based on alleged error of the court in holding (a) that appellee was not estopped to assert defense of illegality; (b) that, as a matter of law, the partnership was illegal under Art. 249a, V.A.T.S.; (c) the illegality, if any, of the partnership precluded recovery by appellant; (d) that Art. 249a is constitutional.

Pertinent to this appeal are the following sections from Art. 249a:

Section 1: "In order to safeguard life, health, and property, and the public welfare, and in order to protect the public against the irresponsible practice of the profession of architecture by properly defining and regulating the practice of architecture, no person shall practice architecture, as herein defined, within this State, * * * unless he be a registered architect, as provided by this Act."

Section 10(a): "Any person, or firm, who for a fee or other direct compensation therefor, shall engage in the planning, or designing, or supervising the construction of buildings to be erected or altered in this State, by or for other persons than themselves, as a profession or business, and shall represent or advertise themselves as architects, architectural designers, or other title of profession or business using some form of the word 'architect' shall be considered as practicing the profession of architecture in this State, and shall be required to comply with the provisions of this Act; and no person or firm shall engage in or conduct the practice of architecture as aforesaid in this State unless a registration certificate or certificates therefor have been duly issued to such person or the members of such firm as provided for by this Act, and no firm or partnership shall engage in, or conduct, the practice of architecture as aforesaid within this State except by and through persons to whom registration certificates have been duly issued, and which certificates are in full effect; but nothing in this Act shall prevent draftsmen, students, clerks of works, superintendents, or other employees or assistants of those legally practicing architecture under registration certificates as herein provided for from acting under the instructions, control, or supervision of such registered architects."

Section 12(c): "In the case of co-partnership of architects, each architect partner must be registered to practice architecture. No firm or partnership shall be registered to practice architecture, but may practice as such provided each architect member of such firm or partnership is a registered architect in accordance with the provisions of this Act."

Section 13 is penal in nature and provides for a fine, and " * * * each and every

day of violation of this Act as set forth shall constitute a separate offense."

Appellant testified the parties orally agreed: they would be equal partners, beginning on September 1, 1959, sharing equally in profits and losses, under the name "Eugene M. Elam & Associates, Architects & Engineers", and that appellant's name would be added to this after he received his certificate; his name would not be in the firm name, and he would not be presented to the public as an architect, until after he obtained his certificate; the partnership would maintain one office in Wichita Falls and one in El Paso, and that appellee would tend to the Wichita Falls office and appellant would tend to the El Paso office.

It is undisputed that: neither party was licensed as an Engineer under Art. 3271a, V.A.T.S.; during the period from September 1, 1959, to May 10, 1960, appellant was not licensed and registered as an architect by the Texas Board of Architectural Examiners; appellee was so licensed during the period; during above period appellant claimed to be a partner with appellee in firm known as Eugene M. Elam & Associates, Architects & Engineers; the parties intended to practice architecture as long as the partnership should last; appellant filed the firm name in the assumed name Records of El Paso County, listing himself as a partner in the firm; his office door in El Paso carried the words, "Eugene M. Elam & Associates, Architects and Engineers"; the firm name appeared on the title pages to plans and specifications; appellant opened a bank account in an El Paso bank under partnership name, made initial partnership deposit, both parties executed signature cards as partners; both used same to pay bills and expenses of partnership, and appellant personally signed more than 100 checks on said account; appellant billed, collected, deposited and accounted for fees owed to the partnership, all in the name and on behalf of the partnership; among other things appellant prepared drawings, sketches and preliminaries, did some work on final plans and specifications and conferred with clients and prospective clients of the partnership and with contractors, builders and suppliers involved in the partnership's projects. Appellant managed the partnership's office in El Paso and prepared and fowarded financial statements of the partnership's business in El Paso to the partnership's office in Wichita Falls.

During the period in question both partners, using the partnership name, engaged in the planning of buildings to be erected in Texas for others; appellant engaged in the planning and designing of buildings to be erected for others for a fee, as did appellee; appellant represented himself to others to be a partner in Eugene M. Elam & Associates, Architects and Engineers; appellant's income tax return for 1960, signed by him, listed his occupation as architect; he told all clients he was a partner with appellee under the firm name of Eugene M. Elam & Associates, Architects and Engineers; he never claimed any other relationship with appellee; he represented to prospective clients that the firm did architectural work, and used the word "architect" in conversations with clients and prospective clients, though did not refer to himself as an architect; that he participated in carrying out the work of the partnership; principal business of partnership was designing and planning buildings and supervising their construction; appellant sent statements to various clients for architectural services or architectural fees signed by himself.

The foregoing undisputed facts show, in our opinion, that the partnership agreement was in violation of the statute and that the parties practiced architecture in violation of law.

In Clark v. Eads, 165 S.W.2d 1019 (Fort Worth, Civ.App., 1942, ref., w.m.), it was held that "the statute is patently de-

signed to permit ordinary carpenters and contractors, and other persons who make no pretense of being architects, to draw house plans and to build or supervise the building of structures. It was not intended to permit architects who generally hold themselves out as such to practice their profession without a license simply by resorting to the expedient of explaining to their clients that they had no license."

The court in Herold v. City of Austin, 310 S.W.2d 368 (Austin Civ.App., 1958, ref., n. r. e.), stated: "Obviously the court was correct in Eads in holding that the plaintiff was required to obtain a license and that without one he could not recover."

■ In Mabry v. Priester, 333 S.W.2d 684 (Houston Civ.App., 1960, reversed on other grounds), it was held: "All cases decided in Texas involving an architect suing for a fee have held that recovery may not be had unless the architect has registered, because it is unlawful for him to practice without registering, as provided by Article 249a, Vernon's Ann.Texas St. * * * The statutes regulating the practice of architecture are for the purpose of protecting the public, just as are statutes regulating engineers and dealers in securities. In those cases it is also held that the contract of a person not complying with its provision by qualifying is not enforceable. M. M. M., Inc. v. Mitchell, 153 Tex. 227, 265 S.W.2d 584; Kadane v. Clark, 135 Tex. 496, 143 S.W.2d 197; Gray v. Blau, Tex.Civ.App., 223 S.W.2d 53, n. r. e."

■■ The contract before us was made in violation of Art. 249a, and under the law of this state the courts will neither aid in its enforcement nor relieve a party who has executed it. Morrison v. City of Fort Worth, 138 Tex. 10, 155 S.W.2d 908 (1941). Further, appellant cannot sustain his recovery without reliance on the illegal contract and thereby his recovery is defeated. Pioneer Mut. Compensation Co. v. Diaz, 142 Tex. 184, 177 S.W.2d 202 (1944); Stone v. Sterling Mutual Life Ins. Co., 127 S.W.2d 345 (Galveston Civ.App., 1939, no writ hist.).

■ In Perkins v. Lambert, 325 S.W.2d 436 (Austin Civ.App., 1959, writ. dism.), it is said: "It is the general rule that as between the parties to a contract prohibited by law estoppel cannot give it validity. * * * The force of a statute can not be impaired, controlled or limited by contract."

The purposes of the Act, as stated in Section 1, are to safeguard life, health, property and the public welfare, and to protect the public against the irresponsible practice of the profession of architecture.

■■ The Act, in some respects, could have been written with more clarity. All doubts, however, are to be resolved in favor of the legislative enactment, Houston & Great Northern Railroad Co. v. Kuechler, 36 Tex. 382; 12 Tex.Jur.2d p. 388, § 44, and a statute under constitutional attack is to be construed valid if reasonably possible. County of Cameron v. Wilson, 160 Tex. 25, 326 S.W.2d 162 (1959); Duncan v. Gabler, 147 Tex. 229, 215 S.W.2d 155 (1948); Newton Lumber Co. v. Newton County Water Supply Dist., 328 S.W.2d 461 (Fort Worth Civ.App., 1959, no writ hist.). We see no constitutional objection to the law.

All points of error are overruled and the judgment of the trial court affirmed.

Affirmed.