

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

August 11, 1975

The Honorable Leonard M. Riggs
Chairman
Texas State Board of Landscape Architects
320 Sam Houston State Office Building
Austin, Texas 78701

Opinion No. H- 664

Re: Date at which a landscape architect may no longer practice without renewing his license.

Dear Mr. Riggs:

You have requested our opinion regarding the date at which a landscape architect may no longer practice without renewing his license.

The practice of landscape architecture is regulated by article 249c, V. T. C. S. Section 7 thereof provides as follows:

> All certificates of registration shall expire on the 31st day of August of each year, following their issuance or renewal and shall become invalid on that date unless renewed. It shall be the duty of the secretary of the board to notify every person registered under this Act of that date of expiration of his certificate and the amount of the fee that shall be required for its renewal for one year; such notice shall be mailed at least one month in advance of the date of the expiration of said certificate. Renewal may be effected at any time during the month of July or August of each year by payment of the fee as prescribed and set by the board. The fee for landscape architect's certificate shall be not less than $10 nor more than $50. The fee for a landscape irrigator's certificate shall be not more than $100. Failure on the part of any registrant to renew his certificate annually, and by not later than August 31st, as required above shall not deprive such person of the right of renewal, but the fee to be paid for the renewal of a certificate after August 31st shall be increased 10 percent for each month or fraction of a month that renewal payment is delayed; and provided further, that if such failure to renew shall continue for more than one year after the date of expiration of the registration certificate, the applicant must reapply for registration and must qualify under Section 5 of this Act. All renewal certificates shall carry the same registration number as the original certificate.

You ask whether a landscape architect may continue to practice his profession after expiration of his license on August 31.

p. 2908

Section 5 of article 249c provides that:

> . . . no person shall represent himself
> or practice in any manner as a landscape
> architect, as defined herein, unless such
> person shall be licensed as provided here-
> in.  (emphasis added).

Section 9 establishes penalties for representing oneself as a landscape architect "without being registered or exempted in accordance with the  provisions of" the Act.

In our view, the statute clearly prohibits a person from practicing landscape architecture after the expiration of his license.  Where the language of a statute is plain and unambiguous, it should be given effect as written.  Gately v. Humphrey,  254 S. W. 2d 98,  100 (Tex. Sup 1952). It seems well established that:

> a license terminates by lapse of time on
> the date which is fixed by statute or or-
> dinance or by the licensing authorities
> acting within their statutory powers, and
> the licensee may exercise the rights and
> priviliges granted by the license only for
> the term specified.   53 C. J. S. , Licenses
> § 43,  at 646.

Furthermore, a prior expired  license "confers no rights upon the licensee, " except "where by statute it entitles him to a renewal upon compliance with specified conditions. "  State ex  rel.  Interstate Air-Parts v.  Minneapolis-St.  Paul Metropolitan Airports Comm 'n,  25 N. W. 2d 718,  726 (Minn.  1947).   See also State ex rel.  Gopher Sales Co.  v.  City of Austin,  75 N. W. 2d 748 (Minn.  1956).

In M. M. M. ,  Inc.  v.  Mitchell,  265 S. W. 2d 584 (Tex. Sup.  1954),  the Supreme Court considered:

> whether an engineer,  who has been issued
> an original certificate . . .  is yet illegally
> practicing when he contracts to and does
> render engineering services during a year
> for which he has failed to pay his annual
> certificate renewal fee as required . . . .

Even though an engineer is permitted to renew his license at any time after its ex-piration date,  he is nevertheless in violation of the law if he practices before effect-ing such renewal to the extent that any contract performed by him during that period is unenforceable.  265 S. W. 2d at 586.   The  Supreme Court stated that the purpose

The Honorable Leonard M. Riggs - Page 3   (H-664)

or requiring renewal is:

> both to supply an obviously important
> part of the revenues on which the whole
> operation of the law depends and to keep
> an up to date record of practicing  engi-
> neers.  Unless there is some substantial
> penalty to compel compliance, the bur-
> den of supporting the Board falls entirely
> on those who comply while the others get
> the benefits of the law but evade its obli-
> gations . . . . a construction of an act for
> the protection of life and health at an occasion-
> al loss to those, who  somehow fail to carry
> its almost insignificant burdens for main-
> taining their high profession, also has its
> equitable appeal.  265 S. W. 2d at 587.

And see Mabry v. Priester, 338 S. W. 2d 704, 706 (Tex. Sup. 1960). But cf.
Hill v. State, 393 S. W. 2d 901 (Tex. Crim. App. 1965).

We perceive no distinction between the situations described in M. M. M. ,
Inc. v. Mitchell and the failure of a landscape architect to renew his license as re-
quired by article 249c.  It is therefore our opinion that a landscape architect who
holds an expired license may not practice his profession without first renewing such
license.

## SUMMARY

> A landscape architect may not practice his
> profession after August 31 of each year un-
> less he renews his license.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: