

# The Attorney General of Texas

October 24, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Philip D. Creer, FAIA
Executive Director
The Texas Board of Architectural
   Examiners
8213 Shoal Creek Blvd., Suite 107
Austin, Texas 78758

Opinion No. JM-217

Re: Authority of a landscape architect under article 249c, V.T.C.S.

Dear Mr. Creer:

You ask whether the landscape architect for the city of Corpus Christi may

> develop detailed plans and specifications for retaining walls, park shelters, decks, viewing platforms, elevated boardwalks, etc. under the definition of the practice of landscape architecture as set out in article 249c, V.T.C.S.

We conclude that a landscape architect may not develop plans and specifications for such structures when their preparation requires skills which fall within the definitions of the practices of engineering, architecture, or public surveying. Whether the design or construction of a particular improvement constitutes an exercise of engineering, architecture, or public surveying is a question dependent upon the facts of each case. This office is not authorized to resolve such matters in the opinion process.

The practice of landscape architecture, defined in article 249c, section 1(b), includes the

> preparation of . . . <u>detailed design plans, studies, specifications,</u> and responsible supervision in connection with the development of land areas where, and to the extent that, the principal purpose of such service is to arrange and modify the effects of natural scenery for aesthetic effect, considering the use to which the land is to be put. Such services concern the arrangement of natural forms, features, and plantings, including the ground and water forms, vegetation, circulation, walks, and other landscape features to fulfill aesthetic and

> functional requirements <u>but shall not include any
> services or functions within the definition of the
> practice of engineering, public surveying, or
> architecture</u> as defined by the laws of this state.
> (Emphasis added).

In light of this definition, your question is in essence whether a landscape architect may perform the aforementioned services without engaging in the practices of engineering, public surveying, or architecture.

The practice of engineering is defined as

> any service or creative work . . . the performance
> of which requires engineering education, training
> and experience in the application of special
> knowledge of the mathematical, physical, or
> engineering sciences to such services or creative
> work.

V.T.C.S. art. 3271a, §2(4). Public surveying is the practice of "determining the boundaries or the topography of real property or of delineating routes, spaces, or sites in real property" by the use of "relevant elements of law, research, measurement, analysis, computation, mapping, and land description writing." V.T.C.S. art. 5282c, §2(1). The practice of architecture is defined in article 249a, section 10(a), V.T.C.S., as

> any service or creative work . . . applying the
> art and science of developing design concepts,
> planning for functional relationships and intended
> uses, and establishing the form, appearance,
> aesthetics, and construction details, for any
> building or buildings, or environs, to be
> constructed, enlarged or altered, the proper
> application of which requires architectural
> education, training and experience.

The statutes regulating the practices of engineering, public surveying, and architecture each contain language expressing the objective of safeguarding life, health, property and public welfare. See V.T.C.S. arts. 249a, §1; 3271a, §1.1; 5282c, §3. Article 249c contains no such language; we do not, however, infer any lesser concern for the public from this omission. The statutes regulating engineering, public surveying, and architecture reflect the state's overriding interest in promoting safety and competence in design, measurement, and construction while discouraging confusion and deception of the public by unlicensed practitioners. See Parrish v. Phillips, 401 S.W.2d 347 (Tex. Civ. App. - Houston 1966, writ ref'd n.r.e.); Farha v. Elam, 385 S.W.2d 692 (Tex. Civ. App. - Fort Worth

1964, writ ref'd n.r.e.); Mabry v. Priester, 333 S.W.2d 684 (Tex. Civ. App. - Houston 1960), rev'c on other grounds, 338 S.W.2d 704 (Tex. 1960). We believe that article 249c promotes corresponding interests. See Attorney General Opinion H-814 (1976).

The laws pertaining to the practice of the four professions discussed in this opinion each provide exemptions for certain individuals otherwise satisfying the requirements of regulation. See V.T.C.S. arts. 249a, §10; 249c, §6; 3271a, §21; 5282c, §4. Article 249c, section 2, exempts professional engineers, land surveyors, and architects from the provisions of the act. Landscape architects, on the other hand, are not exempted from compliance with articles 249a, 3271a, and 5282c. As a general matter, the creation of a statutory exception by the legislature "makes plain the intent that the statute should apply in all cases not excepted." State v. Richards, 301 S.W.2d 597, 600 (Tex. 1957).

It has been suggested that landscape architects may be permitted to perform services within the practices of engineering, architecture, and public surveying as long as they do not represent themselves to the public as members of those professions or employ the titles of the respective professions. It is true that in Attorney General Opinion H-814 (1976) this office concluded that non-licensed persons could perform services involving elements of landscape architecture as long as they did not hold themselves out as landscape architects. This conclusion though, was predicated on the applicability of the exemptions contained in article 249c. Similarly, in Attorney General Opinion M-545 (1969), this office held that certain structural designs could be prepared by persons not registered under article 3271a as long as they do not represent that they are licensed and registered. This conclusion, too, presumed the applicability of exemptions contained in article 3271a. With regard to landscape architects, there is no exemption upon which we may rely. Accordingly, it has been concluded on prior occasions that landscape architects are not excused, by agreement or otherwise, from the licensing requirements of statutes from which they are not specifically excepted. Attorney General Opinions H-890 (1976); H-495 (1975). The question you ask does not require a different answer. On the contrary, because the services in question are to be performed for the city of Corpus Christi, we answer your question in the negative. See, e.g., art. 3271a, §19 (plans and specifications for any public work whose cost exceeds $3000 must be prepared by and construction supervised by registered professional engineer).

## S U M M A R Y

A landscape architect may not, under the definition of landscape architecture, develop detailed plans and specifications for certain structures when their preparation requires skills

which fall within the practices of engineering, public surveying, or architecture. Whether the development of such plans and specifications constitutes an exercise of engineering, public surveying, or architecture is a factual matter that this office is not authorized to resolve.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton