**BENEFITS ADMINISTRATION CORPORATION, Appellant,**

v.

**Philip A. REARICK, d/b/a Rearick & Lenihan, Appellee.**

**No. 9368.**

Court of Appeals of Texas, Texarkana.

Jan. 7, 1986.

Mickey C. Shyrock, Dallas, for appellant.

Brian J. Hurst, David Ford Hunt, Jenkins & Gilchrist, Dallas, for appellee.

BLEIL, Justice.

Benefits Administration Corporation appeals from a summary judgment denying it any recovery in its suit for breach of contract against Philip Rearick. It raises an issue concerning the enforceability of a written contract between the parties to share commissions earned by Rearick, a licensed insurance agent, for sales of United Fidelity Life Insurance Company insurance policies. We conclude that the agreement is unenforceable because it violates the Texas Insurance Code, and affirm the trial court's judgment that BAC take nothing by virtue of its suit.

In his answer, Philip Rearick raised the illegality of the contract as a defense to BAC's action and he also filed a motion for summary judgment based on the contract's illegality. BAC filed no response to the motion for summary judgment. The trial court granted the motion and entered judgment adverse to BAC. The contract which is the subject of this suit provides:

### AGREEMENT

This Agreement made this 15th day of October, 1979 between Philip A. Rearick and Benefits Administration Corporation.

WHEREAS, Michael G. Evans and Phil Overstreet have aided and assisted Philip A. Rearick d/b/a Rearick & Lenihan in obtaining an Agency Agreement with United Fidelity Life Insurance Company for marketing, underwriting and administration of certain Accidental Death and Dismemberment insurance programs and

WHEREAS, Philip A. Rearick is presently receiving insurance commissions from the sale of accident insurance as a result of said Agency Agreement, and

WHEREAS, the parties desire to enter into an agreement for the continuation of such business;

Philip A. Rearick and Benefits Administration Corporation, in consideration of the mutual covenants and promises stated below and for such other good and valuable consideration, hereby promise and covenant the following:

1. Philip A. Rearick, during his lifetime, shall pay to Benefits Administration Corporation two percent (2%) of the gross premiums reported to United Fidelity Life Insurance Company under the aforementioned Agency Agreement and any addendums or alterations to such agreement, within fifteen (15) days of the reporting date of Philip A. Rearick d/b/a Rearick & Lenihan to United Fidelity Life Insurance Company and shall furnish Benefits Administration Corporation within said 15 days a copy of the report.

2. Micheal G. Evans, Phil Overstreet and Benefits Administration Corporation shall continue to support Philip A. Rearick d/b/a Rearick & Lenihan in the writing of insurance business.

3. This agreement shall be effective beginning May 24, 1979.

The contract provided that BAC was to continue to support Rearick in the business of writing insurance. In return, Rearick was to pay BAC two percent of the United Fidelity insurance premiums. Tex.Ins. Code Ann. art. 21.01 (Vernon 1981) provides that:

It shall not be lawful for any person to act within this State, as agent or otherwise, in soliciting or receiving applications for insurance of any kind whatever, or in any manner to aid in the transaction of the business of any insurance company incorporated in this State, or out of it, without first procuring a certificate of authority from the Board.

The performance of services that aided in the transaction of insurance business by BAC violates Article 21.01.

Additionally, because BAC is not a licensed insurance agent, it cannot legally receive insurance premiums or commis-

sions and Rearick cannot legally pay BAC a share of his commissions. Tex.Ins.Code Ann. art. 21.07(1)(b) (Vernon 1981) provides:

> No insurer or licensed insurance agent doing business in this State shall pay directly or indirectly any commission, or other valuable consideration, to any person or corporation for services as an insurance agent within this State, unless such person or corporation shall hold a currently valid license to act as an insurance agent as required by the laws of this State; nor shall any person or corporation other than a duly licensed insurance agent, accept any such commission or other valuable consideration; ....

BAC contends that, despite its failure to respond to the summary judgment, Rearick failed to establish that the contract between the parties was illegal and therefore unenforceable. We disagree.

Ordinarily, in reviewing summary judgment proceedings, we apply the following rules: (1) the movant has the burden to show that there is no issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference is indulged in favor of nonmovants and all doubts are resolved in their favor. *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.1975); Tex.R.Civ.P. 166-A. When no answer or response to a motion for summary judgment is filed, the nonmovant ordinarily is limited to contending only that the grounds presented to the trial court by the motion for summary judgment are insufficient as a matter of law to support the summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

The summary judgment evidence proved that the parties entered into a written contract, the terms of which violated Tex.Ins. Code Ann. arts. 21.01 and 21.07 (Vernon 1981). Our courts have repeatedly refused to enforce commission splitting agreements with unlicensed persons. *Armstrong v. Tidelands Life Ins. Co.*, 466 S.W.2d 407 (Tex.Civ.App.—Corpus Christi 1971, no writ); *Tidelands Life Ins. Co. v. Armstrong*, 414 S.W.2d 196 (Tex.Civ.App.— Austin 1967, no writ); *Perkins v. Lambert*, 325 S.W.2d 436 (Tex.Civ.App.—Austin 1959, writ dism'd); *Stone v. Sterling Mutual Life Ins. Co.*, 127 S.W.2d 345 (Tex.Civ. App.—Galveston 1939, no writ). Therefore, the summary judgment evidence showed that there was no genuine fact issue and that, because of the illegality of the underlying contract, Rearick was entitled to judgment as a matter of law.

We affirm the trial court's judgment.