EMMET A. JONES V. THE STATE.

No. 7489.   Decided April 11, 1923.

Rehearing to State granted October 29, 1924.

1.—Violating Insurance Law—Statute Construed.

Under Sec. 49, Chap. 108 Acts of the Thirty-first legislature, it is no offense to solicit life insurance for a home, or domestic insurance company, without a certificate of authority to act as such agent.

2.—Same—Indictment—Sufficiency of.

An indictment under this act of the legislature which makes it unlawful to solicit insurance for a foreign insurance company, is insufficient unless it alleges that it was a foreign company that the insurance was solicited for.

ON MOTION FOR REHEARING.

3.—Same—Statute Construed—Art. 4960.

In the original opinion the court was passing on Sec. 49, Chap. 108, Acts of Thirty-first Legislature. On motion for rehearing by state the attention of the court is directed to art. 4960 of the Revised Civil Statutes regulating the soliciting of insurance. Under this article it is necesary for an agent soliciting insurance whether it be for a domestic or foreign company or association to have a certificate of authority to act as such agent. This necessitates our overruling our original opinion.

4.—Same—Bills of Exceptions Incomplete.

Unless a bill of exception sets out clearly the matter complained of, and states the surroundings and connections with sufficient detail to enable this court to reach an intelligent conclusion, such bill cannot be overruled by us. Appellant's bills of exception one and four are wholly insufficient.

98 T. C.—21.

5.—Same—Charge of Court—Special Charge—Properly Refused.

A special charge to acquit the appellant if he had received authority from an insurance company to represent them was properly refused. The question presented was, had he received a certificate cf authority from the commissioner of insurance to act as such agent. The court did not err in refusing to instruct jury at request of appellant, that unless he received compensation, directly or indirectly, to acquit, because not responsive to the allegations in the information and issue presented by the evidence.

Appeal from the County Court at Law, Wichita County. Tried below before the Hon. Guy Rodgers, Judge.

Appeal from a conviction for violating the insurance law; penalty, a fine of five hundred and fifty dollars.

*Davenport & Thornton,* for appellant.

*R. G. Storey,* Assistant Attorney-General, for the State.

HAWKINS, JUDGE.—Appellant was convicted of violating the insurance law; punishment fixed at a fine of one hundred and fifty dollars.

The prosecution is apparently based upon Section 49, Chap. 108, Acts of the Thirty-First Legislature, which forbids one to act as the agent or solicitor of a life insurance company without a certificate of authority to act as such agent.

It is charged that appellant solicited Sam Kruger to take an insurance policy in the "Protective Life Insurance Company" and did receive directly or indirectly compensation therefor, and had at the time no certificate of authority to act as agent for said company.

Section 47 of the Act in question contains the following:

"Every *such foreign company* shall, by resolution of its board of directors, designate some officer or agent who is empowered to appoint or employ its agents or solicitors in this State and such officer or agent shall promptly notify the Commissioner in writing of the name, title and address of each person so appointed or employed. Upon receipt of this notice, if such person is of good reputation and character, the Commissioner shall issue to him a certificate which shall include a copy of the certificate of authority authorizing the company requesting it to do business in this State and the name and title of the person to whom the certificate is issued."

There is evidence that appellant had been appointed agent for the Protective Life Insurance Company but that no certificate from the Commissioner of Insurance and Banking of this State ratifying his appointment had been issued. The conviction is founded upon the theory that appellant had violated the law in soliciting insurance without previously receiving a certificate from the Commissioner of Insurance and Banking showing his consent to appellant's appointment as

agent. Unless we misconceive the law upon which the prosecution is based, it requires that. such certificate be issued in cases only in which the agency is that of a "foreign" insurance company. Section 47, which we have quoted above, refers in terms to a "foreign company" and we have found nothing in that section nor in any other section of the act which requires that the certificate mentioned be issued where the agency is that of a domestic insurance company. The statute, Section 1, very clearly draws the distinction between foreign and domestic companies. It says that the term "foreign company" means any life, accident or health insurance company organized under the laws of any other State or Territory of the United States or foreign country; that the term "home" or domestic company, as used herein designates those life, accident, or life and accident, health and accident, or life, health and accident insurance companies incorporated and formed in this State. Throughout the act are found provisions which related to the home or domestic insurance companies which do not relate to foreign insurance companies, and vice versa. Section 47, supra, seems to be one of these.

In writing the information, the pleader takes no note of this distinction, but describes the company thus: "Protective Life Insurance Company," and there is found in the information no other designation or intimation that it is a foreign insurance company. This being true, no offense is charged, because under the act in question, it is not made an offense to solicit insurance without a certificate from the Commissioner or Insurance and Banking unless the solicitation be upon behalf of a foreign insurance company.

For these reasons the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

ON REHEARING.

HAWKINS, JUDGE.—The original opinion was delivered on the 11th day of April, 1923. The State filed a motion for rehearing, and on June 6, 1923, an opinion overruling the State's motion was announced. Upon our attention being called to a statute to which we had not theretofore been cited, we became doubtful as to the correctness of the announcements both in the original opinion and that on rehearing, and the latter was withdrawn.

The prosecution is based upon Section 49, Chapter 108, Acts 31st Legislature, which reads as follows:

"Any person who for direct or indirect compensation solicits insurance, in behalf of any company, or transmits for a person other than himself, an application for a policy of insurance to or from such company, or assumes to act in negotiation of insurance without a

certificate of authority to act as agent or solicitor for such company, or after such certificate of authority shall have been cancelled or revoked, shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than one hundred dollars."

It is apparent from the caption of the act in question that it covers the subject of the incorporation of "home" or "domestic" insurance companies, and also the subject of authorizing insurance companies which had been incorporated under the laws of other states to transact business in this State, and to regulate the business of all such companies. The original opinion discloses that it was based upon the proposition that nowhere in the act under consideration was there found a direct requirement that the agent for an insurance company be supplied with a certificate of his authority save as found in Section 47 which is copied in the original opinion, and which relates to foreign companies alone; hence our conclusion that a failure to allege that appellant was the agent of a foreign company vitiated the indictment. Our attention is now by the State called to Article 4960 of the Revised Civil Statutes which reads as follows:

"It shall not be lawful for any person to act within this State, as agent or otherwise, in soliciting or receiving applications for insurance of any kind whatever, or in any manner to aid in the transaction of the business of any insurance company incorporated in this State or out of it, without first procuring a certificate of authority from the commissioner of agriculture, insurance, statistics and history (commissioner of insurance and banking). (Acts May 2, 1874; P. D. 7116g)."

This statute appears never to have been repealed. Although Chapter 108 of the Acts of the 31st Legislature, in Section 69 repeals specifically many articles of the Revised Civil Statutes, Article 4960, is not one of those included in such repealing clause. It becomes necessary therefore to construe the Act under which this prosecution was based in connection also with the provisions of Article 4960, and taking them together, having in mind that Chapter 108 dealt with both foreign and domestic companies we have reached the conclusion that we were in error in our original holding that Section 49 of the Acts of the 31st Legislature referred to foreign insurance companies alone, and it follows that our further conclusion that the indictment was bad in omitting to allege that appellant was the agent of a "foreign" company was also erroneous.

Bills of exception one and four are incomplete in that they fail to contain the evidence admitted over appellant's objection. (Sec. 210, p. 134, Branch's Ann. Pen. Code.) Bill number five does not give us sufficient information. It appears to be a statement as to what the witness Newell wished to accomplish in his own business by "lining up with witness some of the prominent men in town and splitting the commission with appellant." The bill appears to be confused in

some way. As presented no reason is shown in the bill why the witness desired to divide his commission with appellant or what appellant had to do with the matter in any respect. We fail to see the connection between Newell's activities and the charge being investigated against appellant, but the bill does not state the surroundings and connections with sufficient detail for us to reach the conclusion that the action of the court in regard to the matter was erroneous.

Other bills complain of the reception of certain evidence which we think was admissible upon the general issue as to whether appellant was holding himself out and acting as agent of the company. The special charge requested which directed the jury to acquit appellant if he had received authority from the insurance company to represent them was properly refused. The question being investigated was not whether he had authority from the insurance company to act as agent, but whether he had received a certificate of authority from the commissioner of insurance to act as such agent. Appellant requested the court to instruct the jury that unless appellant directly or indirectly received compensation for his services they would acquit him. This charge was properly refused because it ignored entirely that part of the information which alleged that he had transmitted for a person other than himself an application for a policy of insurance, and had assumed to act in negotiations for insurance without the certificate of authority to so do.

We regret the delay incident to the disposition of this case. If upon original submission our attention had been called to Article 4960 of the Revised Civil Statutes it would have greatly aided us.

The State's motion for rehearing is granted, the order reversing the judgment is set aside, and the judgment now affirmed.

*Affirmed.*