## EMPLOYERS CASUALTY CO. v. MITCHELL, GARTNER & WALTON et al.

### No. 13159.

Court of Civil Appeals of Texas. Fort Worth.

May 10, 1935.

Leachman & Gardere, of Dallas, for appellant.

Phillips, Trammell, Chizum, Estes & Edwards, Eugene Lary, and Kenneth H. Jones, all of Fort Worth, for appellees.

BROWN, Justice.

This suit was brought by appellees, a copartnership composed of several individuals, engaged in the writing of many kinds of insurance contracts, and known as an insurance agency, and which agency represents a large number of insurance companies, against "J. W. Zempter Construction Company, incorporated, Employers Casualty Company, a corporation, and P. R. Clark, individually and doing business under the trade name of P. R. Clark & Company," alleging that appellees being insurance agents, who were soliciting the business of writing bonds for successful contractors, who bid for contracts to construct highways in Texas, sent one of their employees, Roger Neely, to Austin, Tex., to solicit such business, and that the Construction Company, named above, acting by and through Hill Reed, its vice president and general manager, secured the contract to build a portion of a certain highway in Tarrant county; that Neely contacted and solicited the business of writing the contractor's bond, and that P. R. Clark, acting as employee of and agent for the Employers Casualty Company, likewise contacted Reed for the same purpose; that appellees, through Neely, and Clark, for the Employers Casualty Company, and Reed, as agent and officer of the Zempter Construction Company, "made a certain oral agreement, about September 22, 1931, wherein and whereby the said parties in consideration of their mutual agreements, and for the consideration further stated, agreed with the others as follows: towit, the plaintiffs and the defendant J. W. Zempter Construction Company, incorporated, agreed with defendant Employers Casualty Company, that the Zempter Company would give said bonding business to the Employers Casualty Company, instead of to plaintiffs, that is, that Employers Casualty Company would sign said contractor's bond as the surety thereon; and the Employers Casualty Company, acting by and through its duly authorized agent, servant and employee, P. R. Clark, and said J. W. Zempter Construction Company, Inc., acting by and through Hill Reed, its agent and officer, agreed with plaintiffs that they would pay plaintiffs 20% of the amount of the premiums on such bonds. That said promise and agreement to plaintiffs was made by defendants and each of them, for the purpose and consideration of inducing and causing plaintiffs to withdraw their solicitation and application for the business of making said bonds, and to cause them to withdraw from the competition between plaintiffs and the Employers Casualty Company, and acquiesce in the giving of such bonding business by Zempter to defendant Employers Casualty Company, and in order for such

bond to be signed as surety by said Employers Company. That plaintiffs relied thereon, and as an act of forebearance, and in consideration of the promise of defendants to pay plaintiffs said 20% of the premium, they withdrew from the competition and withdrew their solicitation and application and acquiesced in and agreed with defendants for the Employers Casualty Company to sign said bond."

They further alleged that the Zempter Company guaranteed the payment of such "cut" to plaintiffs, and actually agreed to pay plaintiffs the "cut," and wrote plaintiffs a letter confirming such agreement. The letter referred to is addressed to plaintiffs, dated November 7, 1931, and is:

"Dear Sirs:

"With reference to your letter of November 4th, regarding the Bond Premium on Mansfield Road job, we beg to advise that we will take care of you for your part of the premium.

"J. W. Zempter Construction Co.,
"By H. Reed, Vice-Pres. & Gen'l. Mgr."

The quoted letter is in answer to one written by plaintiffs asking that the Construction Company either send plaintiffs the entire premium, or send their "cut" to them and the balance to P. R. Clark & Co.

Appellant Casualty Company made appropriate answer to such pleading, as did the Construction Company, denying all allegations and specifically denying any authority to make such agreement upon the part of Clark or Reed, or to bind the said defendants thereby, if same were made, and that there was no consideration for the promise; that the bond business had been promised to the Employers Casualty Company by the Construction Company, before any conversation was ever had with Neely.

Exception being made to the petition because there was no allegation that plaintiffs would have obtained the bond business, or that they had good reason to expect to obtain it, all of which they were led to forego by the alleged promises, the trial court permitted the plaintiffs to incorporate such allegations in what is called the "Second Supplemental Petition."

The case was tried to a jury, and at the close of the taking of evidence, appellant presented its request for a peremptory instruction, which was refused and exception taken.

The charge is one in which special issues were submitted, and the jury found: (1) That P. R. Clark agreed with Neely that he would pay plaintiffs 20 per cent. of the premiums on the contractor's construction bond. (2) That in consideration of such agreement Neely withdrew his solicitation of the Construction Company for the business of writing its bond. (3) That at the time the agreement was made Clark was acting as the agent of appellant Casualty Company; the charge of the court defining an "agent" is: "An agent as that term is used in this charge, means one who acts for or in the place of another by authority from him." (4) That Clark was acting within the scope of his authority as agent of the Casualty Company. (5) That Reed did not agree with Neely to guarantee, for the Construction Company, payment to plaintiffs of 20 per cent. of the premiums on the bonds. (6) That Reed never agreed with Neely that the Construction Company would pay plaintiffs 20 per cent. of the bond premiums. (7) That Neely had a reasonable expectation of procuring from the Construction Company the business of writing the contractor's bonds. (8) That there was an agreement between the Casualty Company and P. R. Clark & Co. that said Clark & Co. would act as an insurance agency and solicit applications for bonds to be written through it with the Casualty Company as surety. (9) That the applications for the bonds in question were procured by the insurance agency, Clark & Co., acting through P. R. Clark as its representative. (10) That the applications for the bonds in question were procured by Clark & Co. from the Construction Company. (11) And through P. R. Clark as the representative of P. R. Clark & Co. (12) That Reed did not intend at all times to give the bonding business in question to Clark & Co., as agent, to be written with appellant company as surety. (13) That Reed had not agreed to give the bond business to Clark & Co., to be written by appellant company, as surety, prior to the time Neely solicited the business from Reed. There are other findings not necessary to notice.

Clark made no answer, and on the verdict the trial court rendered judgment against appellant and P. R. Clark for 20 per cent. of the premiums on the bonds, $498.37, with interest; and that Zempter Construction Company go hence, without day, and recover its costs.

Motion for judgment by appellant and its motion for a new trial was overruled, and the Employers Casualty Company has appealed.

There are many assignments of error and propositions advanced, but taking the view of the case, as is disclosed by the opinion, we will forego discussing all of them.

Let us admit that all of the allegations of appellees' petition are true. Then it is evident that, when Neely entered into the agreement and engaged in the transaction upon which the appellees claim a right to recover, he ceased to represent his own competing company, or companies, and made of himself a solicitor for Employers Casualty Company, and his acts were expressly forbidden by the provisions of article 5055, Revised Civil Statutes, and article 572, Penal Code.

Neely was not a licensed agent of and for appellant Casualty Company and had no authority to solicit business for it, and cannot sue for any agent's commission, or insurance broker's fee. American Construction Co. v. Kraft (Tex. Civ. App.) 264 S. W. 636; San Jacinto Life Ins. Co. v. Brooks (Tex. Civ. App.) 274 S. W. 648.

The trial court should have granted appellant's request for a peremptory instruction.

For the reasons stated, the judgment of the trial court in favor of appellees against appellant is reversed, and judgment is here rendered that appellees take nothing against appellant; the judgment of appellees against P. R. Clark is by us undisturbed, as is the judgment in favor of Zempter Construction Company.

Reversed and rendered in part, and left undisturbed in part.