L. Van PERKINS, Appellant,

v.

Stan LAMBERT, Appellee.

No. 10667.

Court of Civil Appeals of Texas.

Austin.

May 27, 1959.

Rehearing Denied June 17, 1959.

Emmett Shelton, Austin, for appellant.

J. C. Thomas, Byrd & Davis, Austin, for appellee.

GRAY, Justice.

Appellee, Stan Lambert, sued Fidelity Union Life Insurance Company and appel-

lant, L. Van Perkins, to recover seventy five percent of the first year's premium for a policy of insurance converted from term to permanent insurance, and for a reasonable attorney's fee under Art. 2226, Vernon's Ann.Civ.St.

Appellee alleged that he was a duly licensed insurance salesman for Southland Life Insurance Company and that appellant was the local agency manager and recording agent for Fidelity Union Life Insurance Company. He further alleged that he entered into an agreement with appellant whereby it was agreed that if appellee would cause the holder of a term insurance policy to convert the same into permanent insurance then appellant would pay him seventy five percent of the first year's premium. He alleged full performance of the agreement on his part, appellant's failure and refusal to make payment of the seventy five percent of the first year's premium which he alleged was $613.16, and prayed for a joint and several judgment against the defendants for $459.87, a reasonable attorney's fee, interest and costs.

The defendants answered and among other things alleged that appellee alleged his authority as agent for Southland Life Insurance Company but failed to allege his authority to represent additional insurers and that under existing statutes appellee's right of recovery is barred.

By his first amended original petition appellee alleged:

"Defendant, L. Van Perkins, represented to plaintiff that if plaintiff would procure the conversion of such policy, that he, L. Van Perkins, would write the new policy in his name and pay plaintiff the promised commission and in such case that plaintiff need not obtain a brokerage contract with defendant, Fidelity Union Life Insurance Company. This was the usual and customary way to handle such transactions and had been done this same way by the defendants in the past. On the basis of this representation plaintiff re-

frained from obtaining a brokerage contract and appointment as an agent for Fidelity Union Life Insurance Company and handled the transaction according to the exact procedure outlined by defendant, L. Van Perkins. By his actions and representations defendant, L. Van Perkins, and defendant, Fidelity Union Life Insurance Company, have waived any right, if any they had, to now claim, after securing the benefits of plaintiff's personal services, that plaintiff was required to obtain a brokerage contract before he can collect the commission promised him and defendants are now estopped to assert such a defense, if any there be."

At a nonjury trial a judgment was rendered awarding appellee a recovery of $339.45 and an attorney's fee of $107.50 together with interest and costs. Appellee was denied any recovery against Fidelity Union Life Insurance Company and that company is not a party to this appeal.

There is no statement of facts before us. However the trial court filed findings of fact and conclusions of law. He found that appellee was duly licensed by the State as an insurance agent, that appellant was the local agency manager for Fidelity Union Life Insurance Company and further:

"3. I find that during the latter part of December, 1957, defendant, L. Van Perkins, told plaintiff that if he would cause the holder of a term life insurance policy with defendant, Fidelity Union Life Insurance Company, to convert such policy to permanent insurance, that plaintiff would be paid 75% of the first year's premium.

"4. I find that on the strength of this promise, plaintiff caused such policy to be converted to permanent insurance.

"5. I find that the annual premium on the policy of permanent insurance was $613.16.

"6. I find that the defendant, L. Van Perkins, represented to the plaintiff that if plaintiff would secure the conversion of such policy, that he, L. Van Perkins, would write the new policy in his name and pay plaintiff the promised commission.

"7. I find that defendant, L. Van Perkins, represented to plaintiff, that plaintiff need not obtain a brokerage contract with defendant, Fidelity Union Life Insurance Company, in order to obtain the promised commission.

"8. I find that this was the usual and customary way to handle such transactions and had been done in the same way by the defendants in the past.

"9. I find that on a basis of this representation, plaintiff refrained from obtaining a brokerage contract and appointment as an agent for Fidelity Union Life Insurance Company and handled the transactions according to the procedure outlined by the defendant, L. Van Perkins.

"10. I find that by L. Van Perkin's actions and representations, defendants have waived any rights, if any they had, to now claim, after *accuring* the benefit of plaintiff's personal services that plaintiff was required to obtain a brokerage contract before he could collect the promised commission.

"11. I find that in part payment of the personal services rendered by plaintiff, defendant, L. Van Perkins, did on the 31st day of December, 1957, issue to plaintiff his personal check in the sum of $200.00.

"12. I find that at such time defendant, L. Van Perkins, promised the plaintiff that he would pay the remainder of such commission within 30 days.

"13. I find that the bank, on which this check was drawn, refused payment."

The trial court made findings on the issue of attorney's fee and further:

"17. I find that defendant, L. Van Perkins, as local agency manager for the Fidelity Union Life Insurance Company received a benefit from every insurance policy written in such company in the Austin area."

The trial court concluded that the contract between appellee and appellant was legally enforcible and that "Art. 21.07 is not applicable"; that appellee was the procuring cause of the conversion of the term insurance into permanent insurance based on appellant's "promise to personally pay the commission as agreed"; that appellant is estopped to assert "Art. 21.07 as a defense, if any there be," and that appellee is entitled to recover from appellant the sums supra.

Appellee does not contend that he was licensed to write insurance other than for Southland Life Insurance Company. He was not licensed to write insurance for Fidelity Union Life Insurance Company.

Art. 21.01, Texas Insurance Code, V.A. T.S., provides:

"It shall not be lawful for any person to act within this State, as agent or otherwise, in soliciting or receiving applications for insurance of any kind whatever, or in any manner to aid in the transaction of the business of any insurance company incorporated in this State, or out of it, without first procuring a certificate of authority from the Board."

Art. 21.07 of the Code provides for the licensing of agents and section 5 of that article provides:

"No person shall be authorized to engage in business as the agent of any life insurance company, * * * until he shall have procured a license from the Board of Insurance Commissioners as herein provided, and no such company shall appoint any person

to act as its agent or solicitor unless such person shall have first obtained a license under the provisions hereof, * * *"

Art. 572, Vernon's Ann.P.C., provides:

"Whoever for direct or indirect compensation solicits insurance in behalf of any insurance company of any kind or character, or transmits for a person other than himself, an application for a policy of insurance to or from such company, or assumes to act in negotiation of insurance without a certificate of authority to act as agent or solicitor for such company, or after such certificate of authority shall have been canceled or revoked, shall be fined not more than one hundred dollars."

Appellee cites and quotes from Art. 21.07-1, Texas Insurance Code. This article is the "Texas Agents Qualification and License Law for Agents of Legal Reserve Life Insurance Companies authorized to do business in Texas." It repeals Art. 21.07 to the extent "only" as applicable to such agents.

We are unable to say from the record before us that Southland and Fidelity Union are legal reserve life insurance companies and that the provisions of Art. 21.07-1, supra, are applicable to the facts here. However the trial court cited Art. 21.07, supra, and we will rest our decision on the provisions of that article. Suffice it to here say that the provisions of Art. 21.07-1 are more onerous than the provisions of Art. 21.07. We think it unnecessary to further consider the question for the purpose of this decision.

The findings of the trial court clearly recognize that the contract sued on is within the terms of section five supra. The very thing that the parties contracted to do (appellee to act as an insurance agent for Fidelity Union Insurance Company) could not be done until appellee obtained a license.

In Miller v. Long-Bell Lumber Co., 148 Tex. 160, 222 S.W.2d 244, at page 246, the court said:

"The principle of law urged by the petitioner to the effect that courts will not lend their aid in enforcing illegal contracts is well recognized. As said in the early case of Heirs of Hunt v. Heirs of Robinson, 1846, 1 Tex. 748, 759: 'It is believed to be a rule of universal application that to undertake to do an act forbidden by the law of the place where it is to be done is an invalid agreement, and imposes no legal obligation.' The law in this respect has not varied in Texas down to the present, with some distinctions and refinements, of course, in its application to varying factual situations. For Example, See American Nat. Ins. Co. v. Tabor, 111 Tex. 155, 230 S.W. 397."

The court there considered a sale of merchandise in violation of the Emergency Price Control Act of 1942. The court noted that the Act made intent an important problem in disposing of overcharges made in violation of the Act, that the sale of the merchandise in question was not in itself illegal but the illegality was in the overcharge made for articles of merchandise for which the penalty was merely the return of the amount of the overcharge if it had not been intentionally made.

Here the statute (Art. 21.07) declares that the acts constituting appellee's cause of action are not lawful and are unauthorized except when done by licensed agents. It is the general rule that as between the parties to a contract prohibited by law estoppel cannot give it validity. 19 Am.Jur. p. 802, § 149. The force of a statute can not be impaired, controlled or limited by contract. 10-A Tex.Jur. p. 197, § 101 and at page 200 it is said that:

"The test of illegality is that the thing contracted to be done as a con-

**440**

sideration cannot be done without violating the statute or ordinance. If there is regulation rather than prohibition of the thing to be done, and it can be done by complying with the regulatory statute or ordinance, the contract is not invalid."

Here if it be said that the statute merely prohibits the doing of the things contracted to be done until a license is obtained still they cannot be lawfully done under any regulatory statute without such license.

In American Nat. Ins. Co. v. Tabor, supra [111 Tex. 155, 230 S.W. 400], the court said:

"The rule is established that a court of equity will not withhold relief where it is necessary in the interest of justice and of sound public policy to enforce a contract which is inhibited by statute, but is not declared void and is not otherwise open to attack, provided the parties are not in pari delicto, and he who is least culpable seeks relief. 1 Pomeroy's Equity Jurisprudence (3d Ed.) § 403."

In Black Motor Co. v. Baughman & Datron Ins. Agency, 290 Ky. 163, 160 S.W.2d 388, 391, the court considered the question of the division of insurance premiums between a licensed and an unlicensed agency. The statute required insurance agents to have a license. The court said:

" * * * that since both parties violated the provisions of the laws, they were in pari delicto; no advantage should be given the one over the other. The court under such circumstances will leave them where they placed themselves."

█ The contract before us was made in violation of the statute and under the law of this State the courts will neither aid in its enforcement nor relieve a party who has executed it. Morrison v. City of Fort Worth, 138 Tex. 10, 155 S.W.2d 908. Fur-

ther appellee cannot sustain his recovery without reliance on the illegal contract and thereby his recovery is defeated. Pioneer Mutual Compensation Co. v. Diaz, 142 Tex. 184, 177 S.W.2d 202. Stone v. Sterling Mut. Life Ins. Co., Tex.Civ.App., 127 S.W. 2d 345—a suit for a percentage of renewal premiums based on an agreement between a licensed and an unlicensed agent and in which a recovery was denied.

It is our opinion that the recovery by appellee cannot be sustained. This conclusion renders unnecessary our consideration of appellant's other points.

The judgment of the trial court is reversed and judgment is here rendered that appellee take nothing by his suit.

Reversed and rendered.