**TIDELANDS LIFE INSURANCE COMPANY, Appellant,**

v.

**Billy G. ARMSTRONG, Appellee.**

**No. 11498.**

Court of Civil Appeals of Texas.

Austin.

March 29, 1967.

Fischer, Wood, Burney & Nesbitt, Scott T. Cook, Corpus Christi, for appellant.

G. H. Kelsoe, Jr., Robert M. Kennedy, Dallas, for appellee.

HUGHES, Justice.

Billy G. Armstrong, appellee, sued Tidelands Life Insurance Company in the District Court of Dallas County for damages for alleged breach of an exclusive agency contract. Appellant filed its plea of privilege to be sued in Nueces County, the County of its residence. After a hearing, this plea was overruled; hence, this appeal.

Appellee seeks affirmance on the grounds that venue is properly laid in Dallas County under Subdivisions 23 and 28a, Art. 1995, Vernon's Ann.Tex.Civ.St.

Appellant is a statewide Mutual Assessment Corporation (Association) with its residence and principal place of business in Nueces County.

Sub. 23, supra, provides, in part, that suits against a corporation may be brought in the County " * * * in which the cause of action or part thereof arose * * *."

The parties entered into an exclusive agency contract in Dallas County under the terms of which appellee was to receive certain commissions on policies sold for appellant, and renewals thereof, by subagents of appellee. Under the agreement appellee had the sole right to employ and terminate the employment of subagents. The subagents employed by appellee had appointments under the State Board of Insurance. These subagents sold insurance with premiums on an annualized basis of $228,000.00,

on which appellee claimed renewal commissions for three years from the termination of his contract, which termination appellee contends was wrongful. Appellee also claimed damages for loss of the services of his subagents, allegedly caused by the wrongful termination of his contract with appellant.

The contract between the parties provided that appellee should be given thirty days notice of its termination. This notice was not given.

The parties operated under the contract until the management of the appellant company was removed by the State Board of Insurance for misappropriation of funds and because they were found to be unworthy of the trust and confidence of the public. The new management of appellant terminated the contract in suit because of misrepresentation of policies to policy holders by subagents of appellee.

It is uncontroverted that while appellee was licensed generally as a life insurance agent in Texas during the existence of his contract with appellant he was not appointed by the State Board of Insurance to represent appellant as an insurance agent as required by Art. 21.01, Texas Insurance Code, V.T.C.S., which reads:

"It shall not be lawful for any person to act within this State, as agent or otherwise, in soliciting or receiving applications for insurance of any kind whatever, or in any manner to aid in the transaction of the business of any insurance company incorporated in this State, or out of it, without first procuring a certificate of authority from the Board."

In Perkins v. Lambert, 325 S.W.2d 436, writ dismissed, Tex.Civ.App., Austin, this Court held void and unenforceable a contract between a licensed insurance salesman for Southland Life Insurance Company and local agency manager for Fidelity Union Life Insurance Company whereby Lambert was to receive a commission for causing holder of a term policy in Fidelity to convert it into permanent insurance for the reason that Lambert had not complied with Art. 21.01, supra, in that he had not received authority from the State Board of Insurance to represent Fidelity.

We follow this decision and hold the contract between the parties void and unenforceable.

■ A cause of action under Sub. 23 of Art. 1995 is not established when it is based upon a void or illegal contract. Uvalde Construction Co. v. Shannon, 165 S.W.2d 512, Tex.Civ.App., Eastland, n. w. h.

■ Appellee also sought to maintain venue in Dallas County under the provisions of Sub. 28a V.T.C.S., which provides:

"In all actions brought against Fraternal Benefit Societies and/or Statewide Mutual Assessment Companies, regardless of the plan upon which they operate and whether incorporated or not, growing out of or based upon any alleged right or claim or loss or proceeds due, arising from or predicated upon any policy or contract issued or made by such Fraternal Benefit Society and/or Statewide Mutual Assessment Companies, venue shall lie in the county where the policyholder or beneficiary instituting such suit resides or in the county of the principal office of such association or where such cause of action arose."

No case has been cited to or found by us applying this exception to claims or suits based upon any character of contract except contracts for insurance.

It is our opinion that the language of the exception precludes its application to any species of contracts except contracts for insurance. The words used are peculiarly applicable to insurance contracts. Note the words "loss," "proceeds due," "policy holder," "beneficiary." These words are not usually or generally applicable to the run of the mill contracts.

The only word in this exception which casts any doubt upon our construction of it is the word "contract." However, when this word is considered in context with the word following "issued," it is inescapable that "policy" and "contract" are used to express the same meaning. Insurance policies, which are insurance contracts, are "issued." Ordinary contracts are not "issued." They. are executed.

It is our opinion that venue was not shown to lie in Dallas County, and that this cause should be reversed and remanded with instructions to transfer it to a District Court of Nueces County. It is so ordered.

Reversed and remanded with instructions.