### Harold PHARR, Appellant,

v.

### Charles DIEGEL, Appellee.

### No. 7772.

Court of Civil Appeals of Texas.
Amarillo.

Jan. 15, 1968.

Rehearing Denied Feb. 12, 1968.

Davis & Bevers and Bill Davis, Lubbock, for appellant.

Nelson, McCleskey & Harriger and R. Rex Aycock, Lubbock, for appellee.

CHAPMAN, Justice.

The specific question here presented is whether a duly licensed life, health and accident insurance agent, with a certificate of authority to act as agent or solicitor for Springfield Life Insurance Company is precluded as a matter of law from a court enforced collection of premiums from a general agent for the same and two other insurance companies on business solicited with Pan American Insurance Company (one of such other companies) from whom he had never obtained a brokerage contract and appointment as agent, and which was brokeraged through the general agent, the Diegel Agency.

A summary judgment was awarded Charles A. Diegel of the Diegel Agency, defendant below, and the brokerage agent, Harold Pharr, has appealed.

We have not been cited to nor have we found any supreme judicial expression passing on the legal question here presented.

The Austin Intermediate Appellate Court, after quoting Article 21.01 and Section 5 of Article 21.07, V.T.C.S., Insurance Code, and Article 572 of Vernon's Annotated Penal Code, held that Lambert, a duly licensed insurance salesman for Southland Life Insurance Company, could not recover premiums from Perkins, the local agency manager and recording agent for another insurance company, upon a performed contract by which Lambert induced a holder of a term policy to convert such policy to permanent insurance, even though the local agency manager represented to Lambert that he was not required to obtain a brokerage contract with the second insurance company. Perkins v. Lambert, 325 S.W.2d 436 (Tex.Civ.App.—Austin, 1959, writ dism'd).

Art. 21.01, Texas Insurance Code, V.A.T.S., provides:

"It shall not be lawful for any person to act within this State, as agent or otherwise, in soliciting or receiving applications for insurance of any kind whatever, or in any manner to aid in the transaction of the business of any insurance company incorporated in this State, or out of it, without first procuring a certificate of authority from the Board."

Art. 21.07 of the Code provides for the licensing of agents and section 5 of that article provides:

"No person shall be authorized to engage in business as the agent of any life insurance company, * * * until he shall have procured a license from the Board of Insurance Commissioners as herein provided, and no such company shall appoint any person to act as its agent or solicitor unless such person shall have first obtained a license under the provisions hereof, * * *"

Art. 572, Vernon's Ann.P.C., provides:

"Whoever for direct or indirect compensation solicits insurance in behalf of any insurance company of any kind or character, or transmits for a person other than himself, an application for a policy of insurance to or from such company, or assumes to act in negotiation of insurance without a certificate of authority to act as agent or solicitor for such company, or after such certificate of authority shall have been canceled or revoked, shall be fined not more than one hundred dollars."

The Court further held: "The contract before us was made in violation of the statute and under the law of this State the courts will neither aid in its enforcement nor relieve a party who has executed it. Morrison v. City of Fort Worth, 138 Tex. 10, 155 S.W.2d 908. Further appellee cannot sustain his recovery without reliance on the illegal contract and thereby his recovery is defeated. Pioneer Mutual Compensation Co. v. Diaz, 142 Tex. 184, 177 S.W. 202."

The same Court in Tidelands Life Insurance Company v. Armstrong, 414 S.W. 2d 196 (Tex.Civ.App.—Austin, 1967) said:

"It is uncontroverted that while appellee was licensed generally as a life insurance agent in Texas during the existence of his contract with appellant he was not appointed by the State Board of Insurance to represent appellant as an insurance agent as required by Art. 21.01, Texas Insurance Code, V.T.C.S., which reads:

'It shall not be lawful for any person to act within this State, as agent or otherwise, in soliciting or receiving applications for insurance of any kind whatever, or in any manner to aid in the transaction of the business of any insurance company incorporated in this State, or out of it, *without first procuring a certificate of authority from the Board.*'" (Emphasis added.)

The Court then held:

"In Perkins v. Lambert, 325 S.W.2d, 436, writ dismissed, Tex.Civ.App., Austin, this Court held void and unenforceable a contract between a licensed insurance salesman for Southland Life Insurance Company and local agency manager for Fidelity Union Life Insurance Company whereby Lambert was to receive a commission for causing holder of a term policy in Fidelity to convert it into permanent insurance for the reason that Lambert had not complied with Art. 21.01, supra, in that he had not received authority from the State Board of Insurance to represent Fidelity.

We follow this decision and hold the contract between the parties void and unenforceable."

Where plaintiff, one of two competing insurance companies, withdrew from competition in solicitation of writing bonds for a successful bidding road construction contractor and acquiesced in the contractor giving such business to defendant, Employers Casualty Company, in consideration of 20 per cent of the premium to be paid the latter by the construction company, The Fort Worth Intermediate Appellate Court [1] held:

"Let us admit that all of the allegations of appellees' petition are true. Then it is evident that, when Neely [agent for plaintiff, appellee] entered into the agreement and engaged in the transaction upon which the appellees claim a right to recover, he ceased to represent his own competing company, or companies, and made of himself a solicitor for Employers Casualty Company, and his acts were expressly forbidden by the provisions of article 5055, Revised Civil Statutes, and article 572, Penal Code.

Neely was not a licensed agent of and for appellant Casualty Company and had no authority to solicit business for it, and cannot sue for any agent's commission, or insurance broker's fee." (Bracket added)

Appellant insists that National Security Company v. Murphy, 215 S.W. 465, (Tex. Civ.App.—Dallas, 1919, no writ history) is controlling in this case. None of the three other later cases we have cited herein and quoted from even refer to or discuss the Murphy case. Even if it should be said to be conflicting in its holding to the other three cases, we would feel compelled to follow the reasoning and conclusions in the three later cases and the weight of authority represented by them.

Accordingly, the judgment of the trial court is affirmed.

---

1. Employers Casualty Co. v. Mitchell, Gartner & Walton, 84 S.W.2d 862, (Tex.Civ.App.—Fort Worth, 1935).