**Harold PHARR, Petitioner,**

v.

**Charles DIEGEL, Respondent.**

No. B–799.

Supreme Court of Texas.

Oct. 2, 1968.

Bill Davis, Lubbock, for petitioner.

Nelson, McCleskey & Harriger, R. Rex Aycock, Lubbock, for respondent.

NORVELL, Justice.

Harold Pharr sued Charles Diegel for a sum of money equal to one-half of the agent's commission due on a group insurance policy written for the Baldridge Bakery by Pan American Life Insurance Company. The trial court granted summary judgment because Pharr was not an authorized agent of Pan American Insurance Company. The Court of Civil Appeals affirmed, 424 S.W.2d 49, relying upon Articles 21.02 and 21.07 of the Texas Insurance Code, Article 572, Vernon's Ann. Penal Code, which are set out in its opinion, and the decisions of the Austin Court of Civil Appeals in Perkins v. Lambert (a county court case), 325 S.W.2d 436 (1959, wr. dism'd), and Tidelands Life Insurance Company v. Armstrong, 414 S.W.2d 196 (1967, no writ). We reverse the judgments of the lower courts and remand the cause for a conventional trial upon the merits.

Pharr's summary judgment proofs show that both he and Diegel were state licensed insurance agents; that both parties were duly appointed agents for Springfield Life Insurance Company, but Diegel only was an agent for Pan American Life Insurance Company; that Pharr and Diegel acting together undertook to work out a group insurance plan that would be acceptable to Baldridge Bakery and agreed to submit such plan to the insurance companies represented by them and divide the agent's commission· equally between them. Pan American accepted the plan which Pharr and Diegel worked out with Baldridge. The Court of Civil Appeals considered this operation to be substantially the same as that considered in Perkins v. Lambert, supra, wherein it appeared that Lambert, who was not an agent for Fidelity Union Life Insurance Company, induced the holder of a term life insurance policy with Fidelity to convert such contract to permanent insurance for an agreed consideration equal to 75% of the first year's premium. This arrangement was held to be violative of the provisions

of Article 21.01 of the Texas Insurance Code for Lambert, while an agent of Southland Life Insurance Company, was not purporting to and did not act for Southland but only for Fidelity, and he was not an agent for the latter company. *Tidelands* was a venue case and on authority of Perkins v. Lambert, a contract between Tidelands Life Insurance Company and Armstrong was held unenforceable because the latter had not been appointed by the State Board of Insurance to represent Tidelands, as required by Article 21.01 of the Texas Insurance Code.

The factual situation in the present case differs from that disclosed in the two cases by the Austin court in that when the arrangement between Pharr and Diegel was entered into, no particular company was designated as the insurance carrier, but after a plan acceptable to Baldridge had been devised, it was to be submitted to a number of insurance companies, including Pan American and Springfield, for which latter company Pharr, as well as Diegel, was a designated and approved agent. Pan American agreed to write the proposed contract and accordingly the fruition of the joint venture devised by Pharr and Diegel was reached through Pan American. Had Springfield rather than Pan American accepted the proposal to write the Baldridge group policy, it could scarcely be maintained that Diegel as one of the joint venturers would be excused from performance of his agreement with Pharr because of the circumstance that the insurance proposal was also submitted to Pan American. It seems somewhat unrealistic to say that the rather fortuitous circumstance that Pan American rather than Springfield accepted the proposition submitted and agreed to write the policy operated to cast Pharr in the role of an unauthorized agent in the transaction between Pharr and Diegel and their negotiations with various insurance companies which the joint venturers sought to interest in a group policy for Baldridge.

If Pan American were being sued for commissions by Pharr, a different question would be presented. Here we have a suit between two joint venturers and it does not appear that the public interest which the Legislature sought to serve by the enactment of the cited articles of the insurance and penal codes, would be served by denying Pharr a recovery against Diegel if a jury should accept Pharr's version of his dealings and contracts with Diegel. If we assume that the joint venture agreement alleged by Pharr were actually made, it is our opinion that the same is not rendered illegal and unenforceable by statute. Such agreement is certainly not invalid per se and hence may serve as a basis for the recovery of damages if it be breached.

Judgment is rendered as above indicated.

Reversed and remanded.