Billy G. ARMSTRONG et al., Appellants,

v.

**TIDELANDS LIFE INSURANCE
COMPANY, Appellee.**

No. 582.

Court of Civil Appeals of Texas,
Corpus Christi.

March 18, 1971.

Rehearing Denied April 15, 1971.

Francis I. Gandy, Jr., Corpus Christi,
Kelsoe & Paternostro, G. H. Kelsoe, Jr.,
Alton D. Holmes, Dallas, for appellants.

Fischer, Wood, Burney & Nesbitt, Scott
T. Cook, Corpus Christi, for appellee.

OPINION

SHARPE, Justice.

This cause involves two separate appeals.
Billy G. Armstrong, plaintiff below and
one of the appellants here, appeals from an
order sustaining the motion for summary
judgment of Tidelands Life Insurance
Company, defendant below and appellee

here, that Armstrong take nothing by his suit. The other appeal is by David Cockrell, Charles E. Bigley, Lynn L. Strickland and Dan R. Womack, Intervenors below and also appellants here, complaining of the action of the trial court in sustaining Tidelands' motion to dismiss their petition in intervention.

Appellant Armstrong originally brought suit against Tidelands Life Insurance Company in the District Court of Dallas County, Texas, for damages on account of alleged breach of an exclusive agency insurance contract under which Armstrong claimed commissions were due him from the sale of hospitalization insurance. Tidelands' amended plea of privilege to be sued in Nueces County, Texas, was overruled by the trial court. Such ruling was originally appealed to the Dallas Court of Civil Appeals and thereafter transferred to the Austin Court of Civil Appeals which reversed the judgment of the trial court. Tidelands' plea of privilege was sustained and the case ordered transferred to Nueces County. The contract between the parties was held void and unenforceable by reason of illegality, since Armstrong had not received the required authority from the State Board of Insurance to represent Tidelands Life Insurance Company, hence no cause of action was shown to have arisen in Dallas County. See Tidelands Life Insurance Company v. Armstrong, 414 S. W.2d 196 (Tex.Civ.App., Austin, 1967, n. w. h.).

After the case was transferred to Nueces County, Armstrong filed his third amended original petition which carried forward in substance the allegations of his petition originally filed except that as an alternative ground of recovery he asserted that Tidelands and its officers had falsely represented to him that Tidelands would obtain a license from the State Board of Insurance Commissioners authorizing him to solicit and receive applications for insurance on behalf of Tidelands; that such representations were false; that he relied on them, and that as a result was damaged.

The allegations last mentioned were the only ones different from those of Armstrong's amended original petition which the Court of Civil Appeals on the venue appeal held did not state a cause of action by reason of illegality.

After Tidelands filed its motion for summary judgment against Armstrong and prior to the date set for hearing of it, counsel for Armstrong filed intervenors' petition on behalf of the other appellants, David Cockrell, Charles E. Bigley, Lynn L. Strickland and Dan R. Womack, claiming a right to recover insurance commissions against Tidelands as sub-agents of Armstrong, and appellee filed its motion to dismiss it. The trial court sustained both of Tidelands' motions. Armstrong appeals from the order sustaining the motion for summary judgment and intervenors appeal from the order of dismissal sustaining appellee's motion to dismiss intervenors' petition.

Armstrong and intervenors have jointly filed one appellants' brief which asserts four points of error. Points one and three complain of the take-nothing summary judgment against Armstrong. Points two and four complain of the dismissal of the petition in intervention.

We will first consider the case as to appellant Armstrong. His primary contention here is that the trial court erred in rendering a take-nothing summary judgment against him on the basis that non-compliance with Articles 21.01 and 21.07, Texas Insurance Code, V.A.C.S., is a complete defense to an action for insurance renewal commissions based on fraud. More particularly, Armstrong argues that although he was a generally licensed insurance agent in the State of Texas, he did not have a certificate of authority to transact business for Tidelands because that company falsely represented to him that it would procure a license or permit from the Board of Insurance Commissioners authorizing Armstrong to transact business for Tidelands; that Armstrong relied upon

such representation and Armstrong's contract with Tidelands was executed based upon it. Armstrong says that although the contract may be unenforceable because of Articles 21.01 and 21.07, Section 5, Texas Insurance Code, such fact should not prevent relief nor offer a defense to Tidelands' fraud.

Tidelands, by its reply points one and two, asserts that the summary judgment against Armstrong was proper (1) because the contract sued upon was void for illegality, and (2) that, assuming Armstrong's allegation of fraud to be true for the purposes of the motion for summary judgment only, as a matter of law Armstrong was not entitled to rely on Tidelands false representations that it would procure the necessary license for him to solicit insurance for Tidelands. We agree with appellee's stated position.

◼ Armstrong's first alleged ground of recovery—for breach of the exclusive agency contract—is untenable because the contract is void and unenforceable for the reasons stated on the venue phase of this case by the 1967 decision of the Austin Court of Civil Appeals in Tidelands Life Insurance Company v. Armstrong, 414 S. W.2d 196, n. w. h. See also Perkins v. Lambert, 325 S.W.2d 436 (Tex.Civ.App., Austin, 1959, wr. dism.).

Armstrong's second alleged ground of recovery, added by amendment after venue was transferred to Nueces County—based upon the fraudulent representation of Tidelands that it would procure the necessary license for Armstrong—is also untenable because as a matter of law Armstrong was not entitled to rely on it. In the absence of a right to rely on the stated representation, whether false or otherwise, Armstrong cannot recover on the basis of the alleged fraud.

Article 572 of the Texas Penal Code provides in part:

"Whoever for direct or indirect compensation solicits insurance in behalf of any insurance company * * * without a certificate of authority to act as agent * * * for such company, * * * shall be fined not more than one hundred dollars."

Article 21.01 of the Texas Insurance Code provides in part:

"It shall not be lawful for any person to act within this State, as agent or otherwise, in soliciting or receiving applications for insurance * * * without first procuring a certificate of authority from the Board."

It is uncontroverted that although Armstrong was licensed generally as a life insurance agent in Texas during the existence of his contract with Tidelands, he was not appointed by the State Board of Insurance to represent Tidelands as an insurance agent. The acts which Armstrong alleges he performed and for which compensation is sought are those specifically prohibited by Article 572 of the Texas Penal Code and Article 21.01 of the Texas Insurance Code unless a Certificate of Authority is first procured from the Insurance Board. The damages claimed by Armstrong are based upon commissions he allegedly earned in reliance on the asserted representation that Tidelands would procure the Certificate of Authority.

In Perkins v. Lambert, 325 S.W.2d 436 (Tex.Civ.App., Austin, 1959, wr. dism.) Lambert sued Fidelity Union Insurance Company and Perkins for damages for breach of a contract under which Lambert was to receive 75% of the first year's premium if he would cause the holder of a term insurance policy with Fidelity Union to convert the same into permanent insurance. Lambert was a duly licensed agent for Southland Life Insurance Company, but did not hold an appointment from the State Board of Insurance to represent Fidelity Union as an insurance agent. Perkins was the local agency manager and recording agent for Fidelity Union. After quoting Article 572, Texas Penal Code, and Article 21.01, Texas Insurance Code, the

Court there concluded that the contract was in violation of the statutes and, therefore, what the parties contracted to do (Lambert to act as an insurance agent for Fidelity Union) could not be done unless Lambert obtained a license and was appointed and authorized by the State Board of Insurance to act for that company. The Court stated that the acts constituting the Plaintiff's cause of action were not lawful and were unauthorized except when done by licensed agents, and held in part: "The force of a statute can not be impaired, controlled or limited by contract." The trial court had found that defendant had promised Lambert he would be paid the commissions and, on the strength of that promise, the Plaintiff caused the policy to be converted to permanent insurance. The promise was not kept and the plaintiff had relied on it to his damage. The plaintiff contended the defendant was estopped to assert the prohibition of the statute because of that detrimental reliance. The court in Lambert case held as follows: "It is the general rule that as between the parties to a contract prohibited by law estoppel cannot give it validity." Lambert's pleading in that case was a pleading of estoppel which lacks only the element of intent at the time of the making of the promise to be considered an allegation of fraud, such as the allegation made in this case. The holding in Lambert is equally applicable to the facts of this case. Neither estoppel or promissory fraud can authorize the recovery of compensation for acts prohibited by the statute.

Article 21.01 of the Texas Insurance Code imposes the obligation to procure a Certificate of Authority from the Board of Insurance upon the person purporting to act as agent. It provides in part: "It shall not be lawful for any person to act * * * as agent * * * without first procuring a certificate of authority from the Board."

In Jones v. State, 98 Tex.Cr.R. 321, 265 S.W. 577 (1923) the defendant was prosecuted criminally for his actions in acting as an insurance agent without first having procured a certificate of authority from the Board. The Court there stated:

"There is evidence that appellant had been appointed agent for the Protective Life Insurance Company, but that no certificate from the commissioner of insurance and banking of this state ratifying his appointment had been issued. The conviction is founded upon the theory that appellant had violated the law in soliciting insurance without previously receiving a certificate from the commissioner of insurance and banking showing his consent to appellant's appointment as agent. * * *"

The statute on which the conviction in Jones v. State was based was the predecessor to Article 572 of the Texas Penal Code. The court further stated:

"* * * The question being investigated was not whether he had authority from the insurance company to act as agent but whether he had received a certificate of authority from the commissioner of insurance to act as such agent. * * *"

Since the statutes impose the obligation on the agent himself not to act as an insurance agent until he has procured the Certificate of Authority, Armstrong, in this case cannot base an action for damages on his allegation of fraud since as a matter of law he was not entitled to rely on Tidelands' alleged promise to procure the Certificate of Authority. The failure to procure the Certificate of Authority by Tidelands is immaterial to Armstrong's reliance on the promise. The statutes provide that Armstrong cannot act as an agent until the Certificate of Authority has been procured.

Armstrong relies on Pharr v. Diegel, 432 S.W.2d 68 (Tex.Sup.1968), claiming that the case is authority for allowing recovery of commissions for an agent's acts in selling insurance without the proper Certificate of Authority. An analysis of the cit-

ed opinion reflects that the Supreme Court itself distinguished the Pharr case from Perkins v. Lambert, supra, and Tidelands Life Insurance Company v. Armstrong, supra, on the plea of privilege appeal in the instant case. In *Pharr* it appeared that Pharr and Diegel made an agreement that they would try to secure the business of a client on a group hospitalization plan. They negotiated the needs of the client without having in mind any particular company with which to write the insurance. Pharr represented one company, whereas Diegel represented three companies. The company for which Pharr was an agent was among the three companies for which Diegel was a general agent. They submitted the plan to a number of insurance companies, including Pan American Insurance Company and Springfield Insurance Company, for which latter company, Pharr, as well as Diegel, was a designated approved agent. Pan American Insurance Company agreed to write the policy, but Pharr was not a general agent for them. The court held that the arrangement between Pharr and Diegel was a joint venture and was not illegal in its inception because it would have been equally possible to place the contract of insurance with the company which both Pharr and Diegel were designated and authorized to act as general agents. The court concluded that since the contract was not void at the inception of the agreement, a recovery would be allowed. The court stated:

"If Pan American were being sued for commissions by Pharr, a different question would be presented. Here we have a suit between two joint venturers and it does not appear that the public interest which the Legislature sought to serve by the enactment of the cited articles of the insurance and penal codes, would be served by denying Pharr a recovery against Diegel * * *."

The court distinguished the Lambert case and the Tidelands Life Insurance Company v. Armstrong opinion on the plea of privilege in this case on the basis that the contract between Pharr and Diegel was legal at its inception, whereas the contracts in *Lambert* and in this case (Tidelands Life Insurance Company v. Armstrong) were illegal at their inception.

It thus appears that Armstrong, as a matter of law, could not recover against Tidelands on the pleadings submitted to the court on the motion for summary judgment for the reason that (1) the acts for which he claims compensation were illegal without his first having procured the Certificate of Authority from the Board of Insurance as required by Article 21.01, Texas Insurance Code, and Article 572 of the Texas Penal Code and (2) because, as a matter of law, Armstrong cannot rely on any alleged misrepresentation by Tidelands to procure the license when Article 21.01 of the Texas Insurance Code and Article 572 of the Texas Penal Code impose the obligation on Armstrong to procure the Certificate of Authority prior to undertaking the services for which he now claims compensation.

This State has traditionally refused recovery for such services and similar holdings may be found in Stone v. Sterling Mut. Life Ins. Co., 127 S.W.2d 345 (Tex. Civ.App., Galveston, 1939, no writ history); American Construction Company v. Kraft, 264 S.W. 636 (Tex.Civ.App., Galveston, 1924, wr. dism.); Employers Casualty Co. v. Mitchell, Gartner & Walton, 84 S.W.2d 862 (Tex.Civ.App., Fort Worth, 1935 no writ history); San Jacinto Life Ins. Co. v. Brooks, 274 S.W. 648 (Tex. Civ.App., Fort Worth, 1925, no writ history).

Appellants' points one and three are overruled.

We next consider the case as to the Intervenors, particularly involving appellants' points two and four. Under point two Intervenors complain generally that the trial court erred in dismissing their petition in intervention. Under point four they assert that the trial court erred in holding that Intervenors' claims were barred by limita-

**412**

tions, and their brief and argument is limited to that contention.. Appellee has answered Intervenors' points two and four by its reply points three, four and five. Reply point three asserts in substance that the trial court correctly dismissed the petition in intervention because it was not timely filed. Reply points four and five assert that the petition in intervention was properly dismissed because the cause of action therein asserted is barred by the two and four year statutes of limitation.

Armstrong's suit against Tidelands was filed in Dallas County on March 11, 1966. The judgment of the Austin Court of Civil Appeals transferring venue to Nueces County was rendered on March 29, 1967, with mandate issued on July 12, 1967. The transferred record was filed in the 105th District Court of Nueces County on March 26, 1968. Armstrong's third amended original petition was filed in the latter court on October 8, 1968. Tideland's motion for summary judgment with supporting evidence was filed on November 14, 1969 and Armstrong's reply thereto was filed on December 3, 1969. Intervenor's petition in intervention was filed on December 15, 1969 and Tideland's motion to dismiss it was filed on January 8, 1970. The trial court heard Tideland's motion for summary judgment against Armstrong on January 27, 1970 and entered written judgment sustaining it on April 3, 1970. Thereafter, on April 9, 1970, the trial court granted Tidelands' motion to dismiss the petition in intervention.

■ It thus appears that Intervenors waited about three years and nine months after suit was filed by Armstrong before attempting to intervene in the case, and their petition was filed after Tideland's motion for summary judgment was filed and set for hearing originally on December 4, 1969. Under these conditions it appears that we need not reach the question of limitations and the order dismissing the petition in intervention may be affirmed on the basis that it was not timely filed as is contended by appellee's third reply point.

■ Rule 60, T.R.C.P., provides in part that "any party may intervene, subject to being stricken out by the court for sufficient cause on the motion of the opposite party; * * *." It is well settled that the court has a wide discretion in judging the sufficiency of an opposing party's motion to dismiss the intervention. The original parties to the litigation are entitled to be protected from the disadvantages of intervention. The intervention must be timely. See Mulcahy v. Houston Steel Drum Company, 402 S.W.2d 817 (Tex.Civ.App., Austin, 1966, n. w. h.); 44 Tex.Jur.2d, Parties, Section 41 and 42, pages 192–194. In this case an examination of the petition in intervention in the light of the record before the Court at the time it acted, reflects that dismissal of the intervention was well within the discretion of the trial judge and no abuse is shown. Appellants' points two and four are overruled.

The judgment of the trial court is affirmed.