H. Jack OAKES, Appellant,

v.

AETNA CASUALTY & SURETY CO. et al., Appellees.

No. 8728.

Court of Civil Appeals of Texas, Amarillo.

May 9, 1977.

Rehearing Denied June 6, 1977.

McCracken, Smith, Shields & Taylor, H. C. McCracken, Carrollton, for appellant.

Greenberg & Bach, Robert M. Greenberg, Dallas, for appellees.

ROBINSON, Justice.

Defendant insurance companies failed to get approval as required by Tex.Ins.Code Ann. art. 5.06 (1951) of the policy forms for insurance which they were writing for plaintiff agent's clients. Plaintiff insurance agent alleges that this failure was a breach of the companies' agreement with him and the cause of the suspension of his license and consequent damage. The trial court entered summary judgment for the defendants. Plaintiff appeals. Reversed and remanded.

■ In an appeal from a summary judgment the question is not whether the summary judgment proof raised fact issues with reference to essential elements of a cause of action, but whether the summary judgment proof established as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex. 1970). The burden of proof is on the movant and all doubts as to the existence of a genuine issue of material fact are resolved against him. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.1972); *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company,* 391 S.W.2d 41 (Tex.1965).

In the case before us, appellee defendants have the burden of establishing as a matter of law by summary judgment evidence facts which would entitle them to judgment.

By his petition, plaintiff alleges a cause of action as follows: H. Jack Oakes was a Texas insurance agent with lease operator clients. He solicited certain automobile liability and physical damage coverage for lease operators from Aetna Life and Casualty Company, and Aetna Casualty and Surety Company. Aetna agreed to provide the coverage and, pursuant to the agreement, Aetna's employee, Frank H. Haynes,

prepared a written memorandum describing the coverage to be provided the lease owner-operators. Oakes alleges that it is customary for an insurance company writing business in the State of Texas to assure and verify that all forms, policies, and coverages it uses have been approved by the Insurance Commissioner's office before issuing a contract with regard to coverage; that a representation that Aetna had secured approval of the forms in question was implicit in its agreement with Oakes; and that Oakes relied on Aetna to secure the necessary approval. Aetna did not secure approval of certain of the endorsements as required by Art. 5.06, Texas Insurance Code, but issued the policies. Because of the improper issuance, the policies were cancelled; Oakes' license was revoked for five months; and Oakes lost commissions and customers.

Defendants have not offered summary judgment evidence to dispute the facts alleged by plaintiff. Instead they contend that, even if the allegations are true, plaintiff is precluded from recovery because of the rule that a court will not aid either party to an illegal agreement but will leave the parties where it finds them. See *Cox Feedlots, Inc. v. Hope,* 498 S.W.2d 436, 438 (Tex.Civ.App.—San Antonio 1973, writ ref'd n. r. e.), and cases therein cited.

Defendants correctly state that the issue which presents itself to the court is whether or not the arrangement between plaintiff Oakes and the defendants was illegal.

■ It is apparent that an agreement to issue insurance policies that have not been approved by the insurance board is illegal. But plaintiff has not alleged such an agreement. He has alleged that he entered an agreement for the issuance of policies for which defendants were to obtain approval and that the illegality occurred only because of defendants' failure to perform their obligation under their agreement with him.

The question, then, is whether Oakes had a right to rely on defendants to secure the required approval of policy forms and on an implied representation that they had done so.

In considering the question we note that the alleged implied representation was not that a policy could legally be issued without board approval, but rather that the company had, in fact, applied for and received such approval. The alleged misrepresentation was one of fact rather than of law.

Defendants cite *Armstrong v. Tidelands Life Insurance Company,* 466 S.W.2d 407 (Tex.Civ.App.—Corpus Christi 1971, no writ) as authority for their contention that as a matter of law plaintiff was not entitled to rely on the insurance companies to secure the required approval.

The court in *Armstrong,* citing *Perkins v. Lambert,* 325 S.W.2d 436 (Tex.Civ.App.—Austin 1959, writ dism'd), held that an agent may not enforce an agreement for commissions, if he has not complied with Art. 21.01 of the Texas Insurance Code which provides in part:

> It shall not be lawful for any person to act within this State, as agent or otherwise, in soliciting or receiving applications for insurance * * * without first procuring a certificate of authority from the Board.

In *Armstrong,* the agent contended that he relied on the insurance company's representation that it would secure the certificate of authority for him. The court held

> Since the statutes impose the obligation on the agent himself not to act as an insurance agent until he has procured the Certificate of Authority, Armstrong, in this case cannot base an action for damages on his allegation of fraud since as a matter of law he was not entitled to rely on Tidelands' alleged promise to procure the Certificate of Authority.

We then consider the facts alleged in the case before us in the light of that holding. Here, the obligation which was violated is set out in Art. 5.06, Insurance Code, as follows:

> Policy Forms and Endorsements.

> In addition to the duty of approving classifications and rates, the Board shall prescribe policy forms for each kind of

insurance uniform in all respects except as necessitated by the different plans on which the various kinds of insurers operate, and no insurer shall thereafter use any other form in writing automobile insurance in this State; *provided, however, that any insurer may use any form of endorsement appropriate to its plan of operation, provided such endorsement shall be first submitted to and approved by the Board*; and any contract or agreement not written into the application and policy shall be void and of no effect and in violation of the provisions of this subchapter, and shall be sufficient cause for revocation of license of such insurer to write automobile insurance within this State. (Italics added.)

 Article 5.06 places on the insurance company the obligation to submit endorsements to the Board and secure Board approval of them before their use. There is no provision for the agent to secure such approval. Thus, the holding in *Armstrong* does not control the cause before us.

■ Defendants have failed to sustain their burden to establish by summary judgment evidence that plaintiff did not have a right to rely on the defendants to secure the required approval. Likewise, they have failed to establish that there is no fact issue on some other element of plaintiff's cause of action.

The judgment of the trial court granting summary judgment is reversed and the cause remanded.

REYNOLDS, Justice, concurring.

I concur in the reversal and remand.

By moving for summary judgment, the defendant insurance companies assumed the burden of showing that, as a matter of law, plaintiff could not recover on his pleaded allegations. *Gaddis v. Smith,* 417 S.W.2d 577, 582 (Tex.1967). To discharge this burden, they were required to establish that there is no genuine issue of fact as to at least one of the essential elements of plaintiff's cause of action, *"Moore" Burger, Inc. v. Phillips Petroleum Company,* 492 S.W.2d

934, 936 (Tex.1972), and that they were entitled to judgment as a matter of law. *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company,* 391 S.W.2d 41, 47 (Tex.1965). Their failure to establish the absence of genuine issues of material fact precluded summary judgment.